

**FILED** SXB
3/5/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: <u>1:13−cr−00695−BMC</u>−1

Case title: USA v. Leventhal
Related Case:  1:18−cv−03470−BMC
Magistrate judge case number:  1:13−mj−00902−JO

Date Filed: 12/13/2013
Date Terminated: 12/19/2016

Assigned to: Judge Brian M. Cogan

**<u>Defendant (1)</u>**

| | |
|---|---|
| **Howard Leventhal**<br>*TERMINATED: 12/19/2016* | represented by **Howard Leventhal**<br>46376−424<br>Federal Prison Camp<br>P.O. Box 1000<br>Duluth, MN 55814<br>PRO SE<br><br>**Steven Zissou**<br>Steve Zissou & Associates<br>42−40 Bell Blvd.<br>Suite 302<br>Bayside, NY 11361<br>718−279−4500<br>Fax: 718−281−0850<br>Email: stevezissou@verizon.net<br>*TERMINATED: 05/07/2018*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br><br>**Richard A. Greenberg**<br>Newman Schwartz & Greenberg<br>950 Third Avenue<br>New York, NY 10022<br>(212) 308−7900<br>Fax: 212−826−3273<br>Email: rgreenberg@newmangreenberg.com<br>*TERMINATED: 03/05/2014*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained*<br><br>**Steven Y. Yurowitz** |

Newman & Greenberg
950 Third Avenue
32nd floor
New York, NY 10022
(212)308−7900
Fax: (212)826−3273
*TERMINATED: 03/05/2014*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| FRAUD BY WIRE, RADIO, OR TELEVISION (1) | defendant is sentenced to 36 months on Count 1 and 24 months on Count 2 to run consecutive to Count 1; 4 years supervised release $200.00 special assessment fee; restitution in the amount of $1,350,819.78. AMENDED JUDGMENT defendant is sentence to 36 months imprisonment on count 1 and 24 months on count 2 to run consecutive to count 1 for a total of 60 months imprisonment. Supervised release 3 years on count 1 and 1 year on count 2 to run concurrent to count 1 for a total of 3 years. Special assessment $200.00; restitution in the amount of $1,350,819.78 |
| FRAUD WITH IDENTIFICATION DOCUMENTS (2) | defendant is sentenced to 36 months on Count 1 and 24 months on Count 2 to run consecutive to Count 1; 4 years supervised release $200.00 special assessment fee; restitution in the amount of $1,350,819.78. AMENDED JUDGMENT defendant is sentence to 36 months imprisonment on count 1 and 24 months on count 2 to run consecutive to count 1 for a total of 60 months imprisonment. Supervised release 3 years on count 1 and 1 year on count 2 to run concurrent to count 1 for a total of 3 years. Special assessment $200.00; restitution in the amount of $1,350,819.78 |

**Highest Offense Level
(Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:1343.F | |

---

**Interested Party**

| | | |
|---|---|---|
| **Richard Greenberg** | represented by | **Steven Y. Yurowitz** |
| *TERMINATED: 12/19/2016* | | (See above for address) |
| | | *TERMINATED: 03/05/2014* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Claire S. Kedeshian** |
| | | United States Attorneys Office |
| | | Eastern District of New York |
| | | 271 Cadman Plaza East |
| | | Brooklyn, NY 11201−1820 |
| | | (718) 254−7000 |
| | | Fax: (718) 254−6081 |
| | | Email: claire.kedeshian@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Government Attorney* |
| | | |
| | | **Patrick Hein** |
| | | U.S. Attorney's Office for the Eastern |
| | | District of New |
| | | 271 East Cadman Plaza East |
| | | Brooklyn, NY 11201 |
| | | 718−254−6284 |
| | | Fax: 718−254−6076 |
| | | Email: patrick.hein@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Winston M. Paes** |
| | | Debevoise & Plimpton LLP |
| | | 919 Third Avenue |
| | | New York, NY 10022 |
| | | 212−909−6000 |
| | | Fax: 212−909−6836 |
| | | Email: wmpaes@debevoise.com |
| | | *Designation: Government Attorney* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/18/2013 | 1 | | SEALED COMPLAINT as to Howard Leventhal (1). (Chin, Felix) [1:13−mj−00902−JO] (Entered: 10/21/2013) |
| 10/22/2013 | 3 | | |

| | | | |
|---|---|---|---|
| | | | Order to Unseal Case as to Howard Leventhal. Ordered by Magistrate Judge Viktor V. Pohorelsky on 10/22/2013. (Chin, Felix) [1:13−mj−00902−JO] (Entered: 10/22/2013) |
| 10/25/2013 | 4 | | Rule 5(c)(3) Documents Received as to Howard Leventhal (Attachments: # 1 Bond, # 2 Affidavit Financial, # 3 Bond, # 4 Order, # 5 Transfer Order, # 6 Letter) (DiLorenzo, Krista) [1:13−mj−00902−JO] (Entered: 10/28/2013) |
| 10/25/2013 | | | Arrest of Howard Leventhal in Northern District of Illinois. (DiLorenzo, Krista) [1:13−mj−00902−JO] (Entered: 10/28/2013) |
| 10/30/2013 | 5 | | NOTICE OF ATTORNEY APPEARANCE: Steven Y. Yurowitz appearing for Howard Leventhal (Yuen, Sui−May) [1:13−mj−00902−JO] (Entered: 10/31/2013) |
| 10/30/2013 | 6 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom:Arraignment as to Howard Leventhal on Complaint held on 10/30/2013, Initial Appearance as to Howard Leventhal held on 10/30/2013. AUSA Winston Paes present. Deft present w/ retain counsel Richard Greenberg/ Steven Yurowitz. Deft released on a $200,000 bond with conditions. Deft given bail warnings and signed bond. 1 surety to sign bond in Chicago by 11/6/13. Time excluded from 10/30 to 12/31/13. Deft waived preliminary hearing. (Tape #2;21−2;39.) (Yuen, Sui−May) [1:13−mj−00902−JO] (Entered: 10/31/2013) |
| 10/30/2013 | 7 | | ORDER Setting Conditions of Release as to Howard Leventhal (1) $200,000 bond. Ordered by Magistrate Judge Lois Bloom on 10/30/2013. (Yuen, Sui−May) [1:13−mj−00902−JO] (Entered: 10/31/2013) |
| 10/30/2013 | 8 | | ORDER TO CONTINUE – Ends of Justice as to Howard Leventhal Time excluded from 10/30/13 until 12/31/13.. Ordered by Magistrate Judge Lois Bloom on 10/30/2013. (Yuen, Sui−May) [1:13−mj−00902−JO] (Entered: 10/31/2013) |
| 12/13/2013 | 9 | | NOTICE of Intent to proceed under FRCrP 7(b) as to Howard Leventhal. (Attachments: # 1 Criminal Information Sheet) (Lee, Tiffeny) (Entered: 12/16/2013) |
| 12/17/2013 | | | SCHEDULING ORDER as to Howard Leventhal. Plea Agreement Hearing set for 12/23/2013 at 11:00 AM in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 12/17/2013. (Clarke, Melonie) (Entered: 12/17/2013) |
| 12/23/2013 | 10 | | WAIVER OF INDICTMENT by Howard Leventhal. (Barrett, C) (Entered: 12/23/2013) |
| 12/23/2013 | 11 | | INFORMATION as to Howard Leventhal (1) count(s) 1, 2. (Barrett, C) (Entered: 12/23/2013) |
| 12/23/2013 | | | Minute Entry for Plea Agreement Hearing as to Howard Leventhal held on 12/23/2013 before Judge Brian M. Cogan. AUSA Winston Paes; Richard A Greenberg, Esq. for deft. Plea entered: Guilty Count 1 and 2 of the Information. Sentencing set for 4/3/2014 at 10:00 AM in Courtroom 8D South (Court Reporter Nicole Canales.) (Clarke, Melonie) (Entered: 12/23/2013) |
| 01/16/2014 | 12 | | ORDER on Pretrial memorandum as to Howard Leventhal. The deft's conditions are modified to include a mental health evaluation and treatment as |

| | | | |
|---|---|---|---|
| | | | directed by PTS. Ordered by Judge Brian M. Cogan on 1/13/2014. (Clarke, Melonie) (Entered: 01/16/2014) |
| 01/17/2014 | 13 | | NOTICE OF ATTORNEY APPEARANCE: Richard A. Greenberg appearing for Howard Leventhal (Greenberg, Richard) (Entered: 01/17/2014) |
| 01/29/2014 | 14 | | MOTION for Forfeiture of Property by USA as to Howard Leventhal. (Attachments: # 1 Proposed Order) (Kedeshian, Claire) (Entered: 01/29/2014) |
| 01/30/2014 | 15 | | ORDER OF FORFEITURE, granting 14 Motion for Forfeiture of Property as to Howard Leventhal (1). Ordered by Judge Brian M. Cogan, on 1/29/2014. Three certified copies sent to FSA Supervisory Paralegal Dionne Gill, on 1/30/2014. (Barrett, C) (Entered: 01/30/2014) |
| 02/28/2014 | 16 | | NOTICE of Motion to Withdraw as Counsel as to Howard Leventhal (Greenberg, Richard) (Entered: 02/28/2014) |
| 02/28/2014 | 17 | | MOTION to Withdraw as Attorney by Richard A. Greenberg. by Howard Leventhal. (Attachments: # 1 Notice of Motion to Withdraw as Counsel, # 2 Declaration of Richard A. Greenberg, # 3 Proposed Order) (Greenberg, Richard) (Entered: 02/28/2014) |
| 03/03/2014 | | | ORDER as to Howard Leventhal 17 motion to withdraw as attorney. The Court will hold a conference on Mr. Greenberg's motion to withdraw as attorney on 3/10/2014 at 10:00 AM in Courtroom 8D South. Defendant is permitted to attend via telephone by calling chambers 718–613–2230. Mr. Greenberg is directed to file an ex parte affidavit prior to the conference describing the serious and irreconcilable differences between him and defendant, as the record does not presently provide grounds for relieving him as counsel. Ordered by Judge Brian M. Cogan on 3/3/2014. (Clarke, Melonie) (Entered: 03/03/2014) |
| 03/03/2014 | 18 | | Letter dated 3/1/2014 from Howard Leventhal to Clerk of Court, enclosing: 1. Notice of Filing, 2. Pro Se Appearance of Howard Leventhal, 3. Pro Se Registration and Consent to Electronic Service, 4. Notice of Motion, and 5. Defendant's Motion to Strike and Seal Counsel's "Declaration" and Other Relief(plus exhibits and proposed order). (Attachments: # 1 Envelope) (Barrett, C) (Entered: 03/05/2014) |
| 03/03/2014 | 19 | | NOTICE OF FILING as to Howard Leventhal. (Barrett, C) (Entered: 03/05/2014) |
| 03/03/2014 | 20 | | PRO SE APPEARANCE as to Howard Leventhal. (Barrett, C) (Entered: 03/05/2014) |
| 03/03/2014 | 21 | | Pro Se Registration and Consent for Electronic Service of Orders and Notices Issued by the Court as to Howard Leventhal. (Barrett, C) (Entered: 03/05/2014) |
| 03/03/2014 | 22 | | NOTICE of Motion to Strike and Seal Counsel's Declaration and for Other Relief as to Howard Leventhal. (Barrett, C) (Entered: 03/05/2014) |
| 03/03/2014 | 23 | | MOTION to Seal Document 17 MOTION to Withdraw as Attorney by Richard A. Greenberg. , attachment 2, Declaration of Richard A. Greenberg, MOTION to Strike and for Other Relief by Howard Leventhal. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 |

| | | | |
|---|---|---|---|
| | | | Proposed Order) (Barrett, C) (Entered: 03/05/2014) |
| 03/05/2014 | | | ORDER granting <u>17</u> Motion to Withdraw as Attorney. Richard A. Greenberg withdrawn from case as to Howard Leventhal. Motion Hearing scheduled for 3/10 is cancelled. CJA attorney Steve Zissou appointed for defendant and will contact Mr. Greenberg for case file. Ordered by Judge Brian M. Cogan on 3/5/2014. (Clarke, Melonie) (Entered: 03/05/2014) |
| 03/10/2014 | <u>24</u> | | Letter *request to modify conditions of release* as to Howard Leventhal (Zissou, Steve) (Entered: 03/10/2014) |
| 03/25/2014 | <u>26</u> | | Letter *by the government, dated March 25, 2014, requesting a status conference* as to Howard Leventhal (Paes, Winston) (Entered: 03/25/2014) |
| 03/26/2014 | <u>28</u> | | MOTION for Hearing *and For A Stay* by interested party Richard Greenberg. (Greenberg, Richard) Modified on 3/26/2014 to change filer (Chee, Alvin). (Entered: 03/26/2014) |
| 03/26/2014 | | | ORDER as to Howard Leventhal re <u>26</u> Letter requesting conference. The sentencing currently scheduled for 4/3/2014 at 10 AM will instead be held as a status conference. Ordered by Judge Brian M. Cogan on 3/26/2014. (Clarke, Melonie) (Entered: 03/26/2014) |
| 03/28/2014 | <u>29</u> | | Letter *request seeking permission to appear by phone/video conference* as to Howard Leventhal (Zissou, Steve) (Entered: 03/28/2014) |
| 04/01/2014 | <u>32</u> | | Letter *Responding to Doc # 29 by Richard A. Greenberg (Interested Party)* as to Howard Leventhal (Greenberg, Richard) (Entered: 04/01/2014) |
| 04/01/2014 | <u>33</u> | | Letter *by the government, dated April 1, 2014, in response to the defendant's request to participate by phone/video conference (docket entry no. 29)* as to Howard Leventhal (Paes, Winston) (Entered: 04/01/2014) |
| 04/01/2014 | | | ORDER as to Howard Leventhal. The defendant is required to personally attend the Status Conference scheduled on 4/3/2014 at 10:00 AM in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 4/1/2014. (Clarke, Melonie) (Entered: 04/01/2014) |
| 04/01/2014 | <u>34</u> | | Letter *requesting USM's to arrange travel* as to Howard Leventhal (Zissou, Steve) (Entered: 04/01/2014) |
| 04/01/2014 | | | REVISED ORDER as to Howard Leventhal. In light of the short notice, defendant may attend this weeks conference by telephone. Ordered by Judge Brian M. Cogan on 4/1/2014. (Clarke, Melonie) (Entered: 04/01/2014) |
| 04/03/2014 | <u>35</u> | | CJA 20 as to Howard Leventhal. Appointment of Attorney Steve Zissou. Ordered by Judge Brian M. Cogan on 4/3/2014. (Clarke, Melonie) (Entered: 04/03/2014) |
| 04/03/2014 | | | Minute Entry for Status Conference as to Howard Leventhal held on 4/3/2014 before Judge Brian M. Cogan. AUSA Winston Paes; Defense Counsel: Steve Zissou. Counsel waives his client's physical appearance and was present by telephone. Motion to stay was denied on the record and will reserve on fee dispute jurisdiction. The next Conference is set for 5/9/2014 at 2:15 PM in Courtroom 8D South. (Court Reporter MaryAgnes Drury.) (Clarke, Melonie) (Entered: 04/03/2014) |

| | | | |
|---|---|---|---|
| 04/03/2014 | | | ORDER denying 28 Motion for Hearing and for a Stay as to Howard Leventhal for reasons stated on the record and reserved decision on fee jurisdiction. Ordered by Judge Brian M. Cogan on 4/3/2014. (Clarke, Melonie) (Entered: 04/03/2014) |
| 05/02/2014 | 37 | | Letter */proposed order* as to Howard Leventhal (Zissou, Steve) (Entered: 05/02/2014) |
| 05/09/2014 | | | Minute Entry for Status Conference as to Howard Leventhal held on 5/9/2014 before Judge Brian M. Cogan. AUSA Winston Paes. Defense Counsel: Steve Zissou. Deft sworn and reconfirmed 12/23/13 guilty plea. Defense sentencing submission due 8/29; govt memo, if any, due 9/5. Sentencing is set for 9/12/2014 at 2:15 PM in Courtroom 8D South. (Court Reporter Gene Rudolph.) (Clarke, Melonie) (Entered: 05/09/2014) |
| 05/19/2014 | 39 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Howard Leventhal held on 5/9/14, before Judge Cogan. Court Reporter/Transcriber G. Rudolph, Telephone number 718–613–2538. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/9/2014. Redacted Transcript Deadline set for 6/19/2014. Release of Transcript Restriction set for 8/18/2014. (Rudolph, Gene) (Entered: 05/19/2014) |
| 09/05/2014 | 40 | | Letter *request to reschedule sentence hearing* as to Howard Leventhal (Zissou, Steve) (Entered: 09/05/2014) |
| 09/05/2014 | | | SCHEDULING ORDER as to Howard Leventhal re 40 Letter requesting adjournment. Application Granted. Sentencing is reset for 11/6/2014 at 10:30 AM in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 9/5/2014. (Clarke, Melonie) (Entered: 09/05/2014) |
| 11/03/2014 | 41 | | Letter *request to reschedule sentence hearing* as to Howard Leventhal (Zissou, Steve) (Entered: 11/03/2014) |
| 11/04/2014 | | | RESCHEDULING ORDER as to Howard Leventhal re 41 Letter requesting adjournment. Defense memo due by 11/24; govt response, if any, by 12/1. Sentencing reset for 12/8/2014 at 11:00 AM in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 11/4/2014. (Clarke, Melonie) (Entered: 11/04/2014) |
| 12/04/2014 | 42 | | Letter *Request to reschedule sentence hearing* as to Howard Leventhal (Zissou, Steve) (Entered: 12/04/2014) |
| 12/05/2014 | | | RESCHEDULING ORDER as to Howard Leventhal re 42 . Sentencing is reset for 1/6/2015 at 10:30 AM in Courtroom 8D South. The parties are reminded to comply with Individual Rule V. Ordered by Judge Brian M. Cogan on 12/5/2014. (Clarke, Melonie) (Entered: 12/05/2014) |
| 12/30/2014 | 43 | | Letter *request to convert sentence hearing to a status conference* as to Howard Leventhal (Zissou, Steve) (Entered: 12/30/2014) |
| 01/05/2015 | 44 | | Letter *by the government, dated January 5, 2015, in response to the defendant's request for an adjournment of sentencing and application for leave to retain a BOP expert* as to Howard Leventhal (Paes, Winston) (Entered: |

| | | | |
|---|---|---|---|
| | | | 01/05/2015) |
| 01/05/2015 | | | NOTICE TO COUNSEL as to Howard Leventhal. The sentencing previously set for 1/6/15 at 10:30 will be held as a Status Conference. (Clarke, Melonie) (Entered: 01/05/2015) |
| 01/06/2015 | 45 | | Letter *Request pursuant to 18 USC §4285* as to Howard Leventhal (Zissou, Steve) (Entered: 01/06/2015) |
| 01/06/2015 | | | Minute Entry for Status Conference as to Howard Leventhal held on 1/6/2015 before Judge Brian M. Cogan. AUSA Winston Paes; Steve Zissou,Esq for deft. Govt motion to be filed on 1/20; response by 2/3. Sentencing is set for 2/26/2015 at 11:00 AM in Courtroom 8D South. (Court Reporter Nicole Canales.) (Clarke, Melonie) M (Entered: 01/06/2015) |
| 01/20/2015 | 47 | | Letter *by the government, dated January 20, 2015, attaching letter from the BOP regarding capabilities to treat medical conditions* as to Howard Leventhal (Paes, Winston) (Entered: 01/20/2015) |
| 02/03/2015 | 48 | | Letter */declaration of Philip Wise regarding capabilities of BOP to treat medical conditions* as to Howard Leventhal (Zissou, Steve) (Entered: 02/03/2015) |
| 02/20/2015 | 49 | | Letter *by the government, dated February 20, 2015, in response to the letter filed by Phillip S. Wise* as to Howard Leventhal (Paes, Winston) (Entered: 02/20/2015) |
| 02/26/2015 | | | Minute Entry for Status Conference as to Howard Leventhal held on 2/26/2015 before Judge Brian M. Cogan. AUSA Winston Paes; Defense Counsel: Steve Zissou. Counsel waives his client's physical appearance and was present by telephone. Status Conference is set for 4/6/2015 at 10:00 AM in Courtroom 8D South. (Court Reporter Lisa Schwam.) (Clarke, Melonie) (Entered: 02/26/2015) |
| 04/02/2015 | 50 | | Letter *Request to reschedule status conference* as to Howard Leventhal (Zissou, Steve) (Entered: 04/02/2015) |
| 04/02/2015 | | | RESCHEDULING ORDER as to Howard Leventhal re 50 letter request for adjournment. Application Granted. Status Conference previously set for 4/6 is reset to 5/11/2015 at 11:00 AM in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 4/2/2015. (Clarke, Melonie) (Entered: 04/02/2015) |
| 04/28/2015 | 51 | | Letter *by the government, dated April 28, 2015, enclosing a proposed order for medical evaluation* as to Howard Leventhal (Attachments: # 1 Proposed Order) (Paes, Winston) (Entered: 04/28/2015) |
| 04/28/2015 | 52 | | ORDER as to Howard Leventhal re 51 the John Losurdo, M.D. conduct medical evaluation as to Howard Leventhal. ( Ordered by Judge Brian M. Cogan on 4/28/2015 ) (Guzzi, Roseann) (Entered: 04/28/2015) |
| 05/08/2015 | 53 | | Letter *by the government, dated May 8, 2015, requesting an adjournment of the scheduled status conference* as to Howard Leventhal (Paes, Winston) (Entered: 05/08/2015) |
| 05/08/2015 | | | RESCHEDULING ORDER as to Howard Leventhal re 53 Letter requesting adjournment. Application Granted. Status Conference reset to 6/9/2015 at |

| | | | |
|---|---|---|---|
| | | | 10:30 AM in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 5/8/2015. (Clarke, Melonie) (Entered: 05/08/2015) |
| 06/03/2015 | 54 | | Letter *by the government, dated June 3, 2015, requesting an adjournment of the scheduled status conference* as to Howard Leventhal (Paes, Winston) (Entered: 06/03/2015) |
| 06/03/2015 | | | RESCHEDULING ORDER as to Howard Leventhal: Status Conference set for 6/9/15 has been reset to 8/7/2015 11:30 AM in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 6/3/2015. (Greene, Donna) (Entered: 06/03/2015) |
| 06/15/2015 | 55 | | Letter *by the government, dated June 15, 2015, enclosing a proposed order for medical evaluation* as to Howard Leventhal (Attachments: # 1 Proposed Order) (Paes, Winston) (Entered: 06/15/2015) |
| 06/15/2015 | 56 | | ORDER re: medical evaluation as to Howard Leventhal. The Government shall serve this Order on the office of Dr. Albert and make whatever arrangements are necessary for the payment of Dr. Alberts fees. ( Ordered by Judge Brian M. Cogan on 6/15/2015 ) (Guzzi, Roseann) (Entered: 06/15/2015) |
| 08/04/2015 | 57 | | Letter *by the government, dated August 4, 2015, enclosing Dr. Albert's medical evaluation report* as to Howard Leventhal (Attachments: # 1 Medical Evaluation Report) (Paes, Winston) (Entered: 08/04/2015) |
| 08/06/2015 | | | Minute Entry for Status Conference as to Howard Leventhal held on 8/6/2015 before Judge Brian M. Cogan. AUSA Winston Paes. Defense Counsel: Steve Zissou. Counsel waives his client's physical appearance and was present by telephone. Defense sentencing memorandum due by 9/17; govt response due by 10/1. Sentencing set for 10/19/2015 at 4:30 PM. (Court Reporter Holly Driscoll.) (Clarke, Melonie) (Entered: 08/06/2015) |
| 08/13/2015 | 58 | | Letter *request to modify scheduling order* as to Howard Leventhal (Zissou, Steve) (Entered: 08/13/2015) |
| 08/17/2015 | 59 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Howard Leventhal held on 01–06–15, before Judge Cogan. Court Reporter/Transcriber N. Canales, Telephone number 718–613–2509. Email address: cnlsnic@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request – Transcript" located under "Other Filings – Other Documents". Redaction Request due 9/7/2015. Redacted Transcript Deadline set for 9/17/2015. Release of Transcript Restriction set for 11/16/2015. (Canales, Nicole) (Entered: 08/17/2015) |
| 08/27/2015 | 60 | | Letter *request to schedule a status conference and modification of the scheduling order* as to Howard Leventhal (Zissou, Steve) (Entered: 08/27/2015) |
| 09/03/2015 | 61 | | Letter *by the government, dated September 3, 2015, responding to the request for modification of the scheduling order and seeking an arrest warrant for violation of conditions of release* as to Howard Leventhal (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Paes, Winston) (Entered: |

| | | | |
|---|---|---|---|
| | | | 09/03/2015) |
| 09/03/2015 | | | SCHEDULING ORDER as to Howard Leventhal. A hearing is set for 9/10/2015 at 11:30 AM in Courtroom 8D South. Defense shall respond in opposition to motion to remand by 9/9. Defendant must appear at hearing. Ordered by Judge Brian M. Cogan on 9/3/2015. (Clarke, Melonie) (Entered: 09/03/2015) |
| 09/03/2015 | 62 | | ORDER as to Howard Leventhal. The Court has received an unsolicited fax purporting to be from Dr, Colodny. Because it discusses detailed medical information pertaining to defendant, it is attached hereto but under seal, accessible to the parties only. Ordered by Judge Brian M. Cogan on 9/3/2015. (Clarke, Melonie) (Entered: 09/03/2015) |
| 09/04/2015 | 63 | | Letter *request to modify scheduling order* as to Howard Leventhal (Zissou, Steve) (Entered: 09/04/2015) |
| 09/05/2015 | 64 | | Letter *by the government, dated September 4, 2015, in response to the defendant's letter requesting a request to modify the scheduling order (docket no. 63)* as to Howard Leventhal (Paes, Winston) (Entered: 09/05/2015) |
| 09/07/2015 | 66 | | Letter *in further support of request to modify scheduling order* as to Howard Leventhal (Zissou, Steve) (Entered: 09/07/2015) |
| 09/08/2015 | 67 | | Letter *by the government, dated September 8, 2015, in response to the defendant's further request for an adjournment of the hearing (docket no. 66)* as to Howard Leventhal (Paes, Winston) (Entered: 09/08/2015) |
| 09/08/2015 | | | ORDER as to Howard Leventhal re 63 . Defendant's request to adjourn the Hearing scheduled for 9/10/15 is denied. Ordered by Judge Brian M. Cogan on 9/8/2015. (Clarke, Melonie) (Entered: 09/08/2015) |
| 09/08/2015 | 68 | | Letter *with proposed travel order* as to Howard Leventhal (Zissou, Steven) (Entered: 09/08/2015) |
| 09/09/2015 | 70 | | Letter *supplemental* as to Howard Leventhal (Zissou, Steven) (Entered: 09/10/2015) |
| 09/10/2015 | | | Minute Entry for Bond Revocation Hearing as to Howard Leventhal held on 9/10/2015 before Judge Brian M. Cogan. AUSA Winston Paes; Steve Zissou, Esq. for deft. Evidence entered; testimony heard. Hearing continued to 9/11/2015 at 11:00 AM in Courtroom 8D South. (Court Reporter Lisa Schwam.) (Clarke, Melonie) (Entered: 09/10/2015) |
| 09/11/2015 | | | Minute Entry for Bond Revocation Hearing as to Howard Leventhal held on 9/11/2015 before Judge Brian M. Cogan. AUSA Winston Paes; Steve Zissou, Esq. for deft. Evidence entered; testimony heard. Bail revoked for reasons stated on the record. Deft remanded into custody of the USMS–EDNY. (Court Reporter Sherry Bryant.) (Clarke, Melonie) (Entered: 09/11/2015) |
| 09/14/2015 | 71 | | ORDER OF DETENTION as to Howard Leventhal. ( Ordered by Judge Brian M. Cogan on 9/11/2015 ) (Guzzi, Roseann) (Entered: 09/14/2015) |
| 09/29/2015 | 72 | | Letter *by the government, dated September 29, 2015, requesting adjournment of sentencing* as to Howard Leventhal (Paes, Winston) (Entered: 09/29/2015) |
| 09/30/2015 | | | |

| | | | RESCHEDULING ORDER as to Howard Leventhal re <u>72</u> Letter requesting adjournment. Application Granted. Defense memo due by 11/4; govt memo, if any, by 11/11. Sentencing reset for 11/18/2015 at 4:30 PM in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 9/30/2015. (Clarke, Melonie) (Entered: 09/30/2015) |
|---|---|---|---|
| 10/19/2015 | <u>73</u> | | Letter dated 10/16/15 from Howard E. Leventhal, defendant requesting the Court's assistance in obtaining medicine as to Howard Leventhal. (Guzzi, Roseann) (Entered: 10/20/2015) |
| 10/28/2015 | <u>75</u> | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Howard Leventhal held on September 11, 2015, before Judge Brian Cogan. Court Reporter/Transcriber Sherry Bryant, Telephone number 718–613–2636. Email address: sbryant102@verizon.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request – Transcript" located under "Other Filings – Other Documents". Redaction Request due 11/18/2015. Redacted Transcript Deadline set for 11/30/2015. Release of Transcript Restriction set for 1/26/2016. (Bryant, Sherry) (Entered: 10/28/2015) |
| 10/30/2015 | <u>76</u> | | Letter dated 10/27/15 from Howard Leventhal, defendant requesting leniency. (Guzzi, Roseann) (Entered: 11/03/2015) |
| 11/10/2015 | <u>77</u> | | Letter *request to reschedule sentence hearing* as to Howard Leventhal (Zissou, Steven) (Entered: 11/10/2015) |
| 11/16/2015 | | | SCHEDULING ORDER as to Howard Leventhal. Defense memorandum due 1/7; govt response, if any, by 1/14. Sentencing reset for 1/21/2016 at 10:00 AM in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 11/16/2015. (Clarke, Melonie) (Entered: 11/16/2015) |
| 11/16/2015 | <u>78</u> | | Letter *request for an MDC visitation order* as to Howard Leventhal (Zissou, Steven) (Entered: 11/16/2015) |
| 11/18/2015 | <u>80</u> | | Letter dated 11/13/15 from Howard Leventhal, defendant to Judge Cogan in response objecting to two filings. (Guzzi, Roseann) (Entered: 11/20/2015) |
| 11/23/2015 | <u>81</u> | | Letter dated 11/18/15 from Howard Leventhal, defendant requesting an expedited sentencing. (Guzzi, Roseann) (Entered: 11/25/2015) |
| 12/07/2015 | <u>82</u> | | NOTICE OF PRO SE APPEARANCE as to Howard Leventhal. (Galeano, Sonia) (Entered: 12/08/2015) |
| 12/14/2015 | <u>85</u> | | MOTION for Sanctions by Howard Leventhal. (Piper, Francine) (Entered: 12/17/2015) |
| 12/17/2015 | | | Order as to Howard Leventhal re: <u>83</u> . Defendant has filed a pro se application for bail under seal. The application refers to certain personal family information –– as to himself and another –– and thus the Court finds that the public's qualified right of access is outweighed by defendant's privacy interests. The Clerk is therefore directed that this document shall not be publicly available. However, there is no basis for sealing this application from the Government, and the Government is therefore granted access, and shall file a prompt response. c/m. Ordered by Judge Brian M. Cogan on 12/17/2015. |

| | | | |
|---|---|---|---|
| | | | (Clarke, Melonie) (Entered: 12/17/2015) |
| 12/28/2015 | 86 | | MOTION to Vacate *Remand Order*, MOTION to Strike *PSR Partially* by Howard Leventhal. (Attachments: # 1 Cover Letter, # 2 Notice of Filing, # 3 Memorandum in Support of Motion to Vacate, # 4 Notice of Motion to Strike PSR, Partially) (Taronji, Robert) (Entered: 01/04/2016) |
| 12/28/2015 | 90 | | Letter dated 12/21/2015 from Howard Leventhal to AUSA Winston Paes, supplementing his (Howard Leventhal) FOIA Demand dated 12/8/2015 and served via ECF/PACER on 12/14/2015. (Attachments: # 1 Notice of Filing & Certificate of Service, # 2 Cover Letter, # 3 Envelope) (Barrett, C) (Entered: 01/05/2016) |
| 12/28/2015 | 91 | | Letter dated 12/22/2015 from Howard Leventhal to Clerk of Court, requesting that the "attached and enclosed" (Declaration Addendum Number One to Motion for Sanctions, Doc. No. 85 ; Letter to Judge Cogan dated 12/22/2015; and Notice of Filing and Certificate of Service ) be filed in the captioned matter. Note: the enclosed Declaration Addendum, Letter to Judge Cogan, and Notice of Filing and Certificate of Service will be docketed separately as docket entries 92 , 93 , and 94 , respectively. (Barrett, C) (Entered: 01/05/2016) |
| 12/28/2015 | 92 | | DECLARATION ADDENDUM Number One to MOTION for Sanctions , Doc. No. 85 , by Howard Leventhal. (Barrett, C) (Barrett, C). (Entered: 01/05/2016) |
| 12/28/2015 | 93 | | Letter MOTION for Hearing *on whether Mr. Zissou should continue as my counsel in this matter, dated 12/22/2015,* by Howard Leventhal. (Barrett, C) (Entered: 01/05/2016) |
| 12/28/2015 | 94 | | Notice of Filing and Certificate of Service by Howard Leventhal re 91 Letter, 92 Declaration Addendum, 93 Letter MOTION for Hearing *on whether Mr. Zissou should continue as my counsel in this matter*, dated 12/22/2015. (Barrett, C) (Entered: 01/05/2016) |
| 01/04/2016 | 97 | | Letter dated 12/28/15 from Howard Leventhal, pro se dft requesting hearing. (Guzzi, Roseann) (Entered: 01/07/2016) |
| 01/05/2016 | 88 | | Letter dated 12/23/15 from defendant Howard Leventhal requesting to be provided with copies of all new filings as of 12/1/15. (Guzzi, Roseann) (Entered: 01/05/2016) |
| 01/05/2016 | 89 | | Letter dated 12/24/15 from Howard Leventhal, defendant in addition to two previous requests requesting to be provided with copies of documents. (Guzzi, Roseann) (Entered: 01/05/2016) |
| 01/05/2016 | 96 | | MOTION for Default Judgment against Contemnors Winston Paes and Christopher Delzotto by Howard Leventhal as pro se dft. (Guzzi, Roseann) (Entered: 01/07/2016) |
| 01/06/2016 | 95 | | Letter *request to schedule a status conference* as to Howard Leventhal (Zissou, Steven) (Entered: 01/06/2016) |
| 01/07/2016 | 98 | | Letter *modifying ecf#95, request to schedule a status conference* as to Howard Leventhal (Zissou, Steven) (Entered: 01/07/2016) |

| 01/08/2016 | 99 | | MOTION to Compel by Howard Leventhal. (Attachments: # 1 Petitioner to Compel FOIA Production, # 2 Motion for default order vacating order of remand dated 9/11/15) (Guzzi, Roseann) (Entered: 01/11/2016) |
|---|---|---|---|
| 01/12/2016 | 100 | | Letter dated January 5, 2016 to Judge Brian M. Cogan from Howard Leventhal requesting that the January 28th sentencing date in this matter be converted to a status hearing. Defendant also request an off the record conference. (Basnight, Jasmine) (Entered: 01/13/2016) |
| 01/15/2016 | 101 | | EXHIBITS to Declaration re: 85 Motion for Sanctions by Howard Leventhal. (Attachments: # 1 22 Personal Reference Letters) (Lee, Tiffeny) (Entered: 01/19/2016) |
| 01/15/2016 | 102 | | EXHIBIT 1 to 85 Motion for Sanctions filed by Howard Leventhal. (Lee, Tiffeny) (Entered: 01/19/2016) |
| 01/21/2016 | | | Minute Entry for Status Conference as to Howard Leventhal held on 1/21/2016 before Judge Brian M. Cogan. Parties for both sides present. Motions 85 , 86 , 93 , 96 and 99 are withdrawn and Bail Application is denied for reasons stated on the record. Defense shall file sentencing memorandum by 3/14; govt response, by 3/25. Sentencing is reset for 4/1/2016 at 10:00 AM in Courtroom 8D South. (Court Reporter Victoria Butler.) (Clarke, Melonie) (Court Reporter Victoria Butler.) (Clarke, Melonie) (Entered: 01/22/2016) |
| 02/02/2016 | 103 | | Letter *by the government, dated January 27, 2016, providing relevant grand jury testimony* as to Howard Leventhal (Paes, Winston) (Entered: 02/02/2016) |
| 02/04/2016 | 104 | | Letter *regarding travel authorization* as to Howard Leventhal (Zissou, Steven) (Entered: 02/04/2016) |
| 03/03/2016 | 106 | | Letter *request to schedule a status conference, partially redacted* as to Howard Leventhal (Zissou, Steven) (Entered: 03/03/2016) |
| 03/03/2016 | 107 | | Letter *unredacted letter request to schedule a status conference* as to Howard Leventhal (Zissou, Steven) (Entered: 03/03/2016) |
| 03/03/2016 | | | SCHEDULING ORDER as to Howard Leventhal re 106 Letter requesting presentence conference. Application Granted. Status Conference set for 3/7/2016 at 10:00 AM in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 3/3/2016. (Clarke, Melonie) (Entered: 03/03/2016) |
| 03/07/2016 | | | Minute Entry for Status Conference as to Howard Leventhal held on 3/7/2016 before Judge Brian M. Cogan. AUSA Winston Paes; Steve Zissou, Esq. for deft. (Court Reporter Charleane.) (Clarke, Melonie) (Entered: 03/07/2016) |
| 03/10/2016 | 108 | | Letter dated 3/5/16 from Howard Leventhal enclosing written by Judge Lynn Adelman. (Guzzi, Roseann) (Entered: 03/11/2016) |
| 03/31/2016 | 109 | | Letter *request to reschedule sentence hearing* as to Howard Leventhal (Zissou, Steven) (Entered: 03/31/2016) |
| 03/31/2016 | | | RESCHEDULING ORDER as to Howard Leventhal re 109 Letter requesting adjournment. Application Granted. Sentencing reset for 6/1/2016 at 4:30 PM in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 3/31/2016. (Clarke, Melonie) (Entered: 03/31/2016) |
| 04/06/2016 | 110 | | |

| | | | |
|---|---|---|---|
| | | | First MOTION for Writ of Habeas Corpus ad testificandum by Howard Leventhal as to Howard Leventhal. (Zissou, Steven) (Entered: 04/06/2016) |
| 05/18/2016 | 111 | | Letter dated 5/15/16 from Howard Leventhal, defendant requesting to proceed pro se and also requesting a conference. (Guzzi, Roseann) (Entered: 05/19/2016) |
| 05/23/2016 | | | NOTICE TO COUNSEL as to Howard Leventhal. The Sentencing previously set for 6/1 at 4:30 PM in Courtroom 8D South will be held as a status conference. (Clarke, Melonie) (Entered: 05/23/2016) |
| 05/23/2016 | 112 | | MOTION for Bond *"for temporary bail reinstatement"* by Howard Leventhal. (Guzzi, Roseann) (Entered: 05/24/2016) |
| 05/31/2016 | 113 | | Letter dated 5/25/16 from Howard Leventhal regarding his daughter being moved to another State in violation of a court order as to Howard Leventhal. (Guzzi, Roseann) (Entered: 06/02/2016) |
| 06/01/2016 | | | Minute Entry for Status Conference held on 6/1/2016 as to Howard Leventhal before Judge Brian M. Cogan. AUSA Winston Paes; Steve Zissou, Esq. for deft. Motion for Bail 112 is denied for reasons stated on the record. Defendant knowingly and voluntarily waived his right to counsel, and therefore Defendant's request to proceed *pro se* was granted. Defense objections to the PSR are due by 6/10; govt's response by 6/17. Sentencing set for 6/22/2016 at 10:30 AM in Courtroom 8D South with a back up date of 7/25/2016 at 10:00 AM. (Court Reporter Marie Foley.) (Clarke, Melonie) (Entered: 06/02/2016) |
| 06/08/2016 | 114 | | Letter dated 6/3/16 from Howard Leventhal, defendant "Letter Motion for Final Pretrial Order". (Guzzi, Roseann) (Entered: 06/10/2016) |
| 06/10/2016 | 116 | | ORDER that document 115 filed by defendant pro se is stricken from the record, and the motion to file it under seal is therefore denied as moot as to Howard Leventhal.( Ordered by Judge Brian M. Cogan on 6/10/2016 ) c/m (Guzzi, Roseann) (Entered: 06/10/2016) |
| 06/10/2016 | 117 | | SENTENCING MEMORANDUM by Howard Leventhal (Zissou, Steven) (Entered: 06/10/2016) |
| 06/13/2016 | 118 | | MOTION in Limine by Howard Leventhal. (Guzzi, Roseann) (Entered: 06/15/2016) |
| 06/17/2016 | 119 | | MOTION for Order to Show Cause *Pro Se defendant Howard Leventahl Motion for "Rule to Show Cause why prosecutor should not be called to testify and disqualified"* by Howard Leventhal. (Guzzi, Roseann) (Entered: 06/20/2016) |
| 06/17/2016 | 120 | | (Amended)OBJECTIONS TO PRESENCE INVESTIGATION REPORT by Howard Leventhal, pro se defendant. (Guzzi, Roseann) (Entered: 06/20/2016) |
| 06/20/2016 | | | ORDER as to Howard Leventhal re 119 MOTION for Order to Show Cause *Pro Se defendant Motion for "Rule to Show Cause why prosecutor should not be called to testify and disqualified"* filed by Howard Leventhal. The government is directed to respond by 6/24/16. Ordered by Judge Brian M. Cogan on 6/20/2016. (Clarke, Melonie) (Entered: 06/20/2016) |

| 06/20/2016 | 121 | | (Redacted)DECLARATION of Howard Leventhal, defendant pro se dated June 6, 2016. (Guzzi, Roseann) (Entered: 06/22/2016) |
| --- | --- | --- | --- |
| 06/22/2016 | 122 | | Letter enclosing Exhbit 1A letter dated 9/9/15 from Pretrial specialist; and 1B letter dated 6/8/16 from Howard Leventhal regarding travel summary as to Howard Leventhal, pro se defendant. (Attachments: # 1 Letter dated 6/18/16 regarding "paralegal support budget") (Guzzi, Roseann) (Entered: 06/24/2016) |
| 06/22/2016 | 123 | | MOTION for Leave to Electronically File Document Ex Parte by Howard Leventhal as to Howard Leventhal. (Attachments: # 1 Letter) (Guzzi, Roseann) (Entered: 06/24/2016) |
| 06/24/2016 | 124 | | ORDER dated 6/24/16 that Mr. Leventhal is advised that the piecemeal submission of sentencing materials makes it difficult for the Court to understand the meaning or relative importance that he places on each piece and creates a risk that the Court will overlook something that he considers important. He was told when he decided to proceed pro se that he would be well advised to present his position in a manner as similar as possible to how it would be presented by a lawyer. This usually means one document containing objections on a paragraph by paragraph basis to the PRS with references to attached exhibits showing the basis for each objection, and a sentencing memorandum with exhibits arguing what the sentence should be as to Howard Leventhal re 122 Letter. c/m to Mr. Leventhal. Ordered by Judge Brian M. Cogan on 6/24/2016. (Guzzi, Roseann) (Entered: 06/24/2016) |
| 06/25/2016 | 125 | | RESPONSE in Opposition re 119 MOTION for Order to Show Cause *Pro Se defendant Howard Leventahl Motion for "Rule to Show Cause why prosecutor should not be called to testify and disqualified"* (Attachments: # 1 Exhibit 1) (Paes, Winston) (Entered: 06/25/2016) |
| 06/26/2016 | 126 | | Letter *Defendant's PRO SE response to government's submission dated 6/25/16* as to Howard Leventhal (Zissou, Steven) (Entered: 06/26/2016) |
| 06/27/2016 | 127 | | ORDER that pursuant to Irizarry v. United States, 553 U.S. 708, 128 S. Ct. 2198 (2008), Howard Leventhal is given notice that the Court will consider at sentencing whether to upwardly depart from his sentencing guideline range or to impose a non–guidelines sentence in excess of his guideline range if it determines, based on his post–guilty plea actions, that he has engaged in conduct inconsistent with acceptance of responsibility or conduct that constitutes obstruction of the sentencing proceedings in this Court. Ordered by Judge Brian M. Cogan on 6/27/2016. C/M by Chambers. (Barrett, C) (Entered: 06/27/2016) |
| 06/27/2016 | 137 | | Letter of transmittal of courtesy copies of defendant's sentencing materials dated 6/19/16 from Howard Leventhal, defendant pro se. (Guzzi, Roseann) (Entered: 07/07/2016) |
| 06/27/2016 | 138 | | Letter dated 6/19/16 from Howard Leventhal, defendant pro se requesting authorization for a witness at sentencing. (Guzzi, Roseann) (Entered: 07/07/2016) |
| 06/28/2016 | 128 | | SENTENCING MEMORANDUM by Howard Leventhal (Attachments: # 1 Supplement, # 2 Exhibit) (Zissou, Steven) (Entered: 06/28/2016) |
| 06/29/2016 | 129 | | |

| | | | |
|---|---|---|---|
| | | | ORDER dated 6/28/16 that defendant is ORDERED to file a pdf copy of the PowerPoint presentation within 7 days, and with it, if necessary, any request for sealing and a redacted version of the presentation for public filing. 123 Motion for Leave to Electronically File Document Ex Parte as to Howard Leventhal (1) is denied. ( Ordered by Judge Brian M. Cogan on 6/28/2016 ) c/m (Guzzi, Roseann) (Entered: 06/29/2016) |
| 06/29/2016 | 130 | | Defendant's Response to the Government's 125 June 25, 2016 submission by Howard Leventhal, defendant pro se. (Guzzi, Roseann) (Entered: 06/30/2016) |
| 06/29/2016 | 131 | | MOTION for Bond *defendant requesting bail* by Howard Leventhal. (Guzzi, Roseann) (Entered: 06/30/2016) |
| 06/30/2016 | 132 | | ORDER denying 131 Motion for Bond as to Howard Leventhal. The arguments have been previously considered and rejected by the Court and no new bail package has been offered. It is not helping defendant to continue to make the same arguments over and over. Ordered by Judge Brian M. Cogan on 6/30/2016. C/M (Clarke, Melonie) (Entered: 06/30/2016) |
| 07/05/2016 | 135 | | Letter dated 6/29/16 from Howard Leventhal, pro se defendant enclosing Supplemental Exhibits to Sentencing Memorandum. (Guzzi, Roseann) (Entered: 07/06/2016) |
| 07/06/2016 | 133 | | Letter *filed by PRO SE defendant requesting various forms of relief* as to Howard Leventhal (Zissou, Steven) (Entered: 07/06/2016) |
| 07/06/2016 | 134 | | ORDER as to Howard Leventhal re 133 Letter. *See Endorsement Order on Last Page. ( Ordered by Judge Brian M. Cogan on 7/6/2016 ) c/m (Guzzi, Roseann) (Entered: 07/06/2016) |
| 07/06/2016 | 136 | | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by USA as to Howard Leventhal (Paes, Winston) (Entered: 07/06/2016) |
| 07/07/2016 | 139 | | NOTICE: the Court has received Mr. Leventhal's power point cd as to Howard Leventhal. (Guzzi, Roseann) (Entered: 07/08/2016) |
| 07/07/2016 | 140 | | Letter dated 6/30/16 from Howard Leventhal, pro se defendant in response to the Court's Order Doc. 129 (Guzzi, Roseann) (Entered: 07/08/2016) |
| 07/14/2016 | 141 | | Letter dated 6/7/16 from Howard Leventhal, defendant as a supplement to the two proffers for resources and subpoenas as to Howard Leventhal. (Guzzi, Roseann) (Entered: 07/15/2016) |
| 07/25/2016 | | | Minute Entry for Status Conference held as to Howard Leventhal on 7/25/2016 before Judge Brian M. Cogan. All parties present. Documents 114 118 119 126 130 138 140 and 141 are Denied for reasons stated on the record. Sentencing is reset for 8/26/2016 at 10:00 AM in Courtroom 8D South. (Court Reporter Nicole Canales.) (Clarke, Melonie) (Entered: 07/25/2016) |
| 07/25/2016 | 143 | | ORDER re memorandum received from probation as to Howard Leventhal. The Court is filing this memorandum under seal with access to the parties only because it identifies personal information of nonparties and their right to privacy outweighs the public's limited right of access. Ordered by Judge Brian M. Cogan on 7/25/2016. (Attachments: # 1Confidential Memorandum) C/M (Clarke, Melonie) Modified. (Entered: 07/25/2016) |

| 08/06/2016 | 144 | | SENTENCING MEMORANDUM by USA as to Howard Leventhal (Paes, Winston) (Entered: 08/06/2016) |
|---|---|---|---|
| 08/12/2016 | 145 | | ORDER as to Howard Leventhal directing the parties to review the listed documents and bring to the Courts attention by 8/22/16 any other documents, already filed on ECF, that should be reviewed in advance of sentencing or, conversely, any documents listed above that a party would like to remove from the Courts consideration.. Ordered by Judge Brian M. Cogan on 8/12/2016. (Marziliano, August) (Entered: 08/12/2016) |
| 08/12/2016 | 146 | | Letter dated 7/2/16 from Howard Leventhal in response to the Court's order dismissing my letter requests for subpoenas and funding as to Howard Leventhal. (Attachments: # 1 Declaration of Howard E. Leventhal) (Guzzi, Roseann) (Entered: 08/17/2016) |
| 08/22/2016 | | | RESCHEDULING ORDER as to Howard Leventhal. Sentencing previously set for 8/26 is reset by the Court to 9/9/2016 at 10:30 AM in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 8/22/2016. C/M (Clarke, Melonie) (Entered: 08/22/2016) |
| 08/22/2016 | 147 | | Letter *complying with order dated 8/12/2016 (#ecf 145) and advising court that Mr. Leventhal is no longer wishes to proceed "Pro Se."* as to Howard Leventhal (Zissou, Steven) (Entered: 08/22/2016) |
| 08/22/2016 | 148 | | Letter *by the government, dated August 22, 2016, pursuant to the Court's August 12, 2016 Order* as to Howard Leventhal (Paes, Winston) (Entered: 08/22/2016) |
| 08/23/2016 | 149 | | Letter *in response to ecf 148, a letter filed by the government on 8.22.2016 at 11:59pm* as to Howard Leventhal (Zissou, Steven) (Entered: 08/23/2016) |
| 08/24/2016 | 150 | | Letter dated 12/13/2015 to Judge Cogan from Gene Schenberg regarding his history with Howard Leventhal. (Lee, Tiffeny) Modified to change file date as per chambers (BMC) on 8/25/2016 (Lee, Tiffeny). (Entered: 08/24/2016) |
| 08/25/2016 | 151 | | Character reference Letters; Letter undated from Jon Anselma as to Howard Leventhal regarding victim of fraud. (Attachments: # 1 letter dated October 29, 2013 from Jeffrey L. Gaon, Managing Member of CVA Partners, L.P., # 2 letter undated from Gene Schenberg) (Guzzi, Roseann) (Entered: 08/25/2016) |
| 09/01/2016 | | | ORDER as to Howard Leventhal. The Government is ORDERED to deliver to Chambers 704S, by 9/2/16, the exhibits received into evidence at defendant's bail revocation hearing. Ordered by Judge Brian M. Cogan on 9/1/2016. (Clarke, Melonie) (Entered: 09/01/2016) |
| 09/05/2016 | 152 | | Letter *supplementing response to order (ecf# 145) and other sentence issues* as to Howard Leventhal (Zissou, Steven) (Entered: 09/05/2016) |
| 09/05/2016 | 153 | | ORDER as to Howard Leventhal re 152 Sealed, Letter. The case will therefore proceed as scheduled but as a status conference in which a final date for sentencing shall be set. It will either be promptly if the Court determines to proceed on the present record or at soon as possible after the evidentiary hearing contemplated by defendant or some form thereof is held. See annexed Order for details. Ordered by Judge Brian M. Cogan on 9/5/2016. (Cogan, Brian) (Entered: 09/05/2016) |

| 09/07/2016 | 154 | | Letter dated 9/1/2016 to Judge Cogan re Howard Leventhal (Attachments: # 1 19th Judicial Circuit Filings, # 2 Letter from HL dtd 6–15–16, # 3 Copies of letter filed by counsel doc.147 and 149) (Clarke, Melonie) The Court is restricting this letter and attachments with access to the parties only because it identifies personal information of a nonparty and their right to privacy outweighs the public's limited right of access. Modified on 9/9/2016 (Clarke, Melonie). (Entered: 09/07/2016) |
|---|---|---|---|
| 09/08/2016 | 155 | | Letter *re supplemental funding for the Consulting Project* as to Howard Leventhal (Zissou, Steven) (Entered: 09/08/2016) |
| 09/09/2016 | | | Minute Entry for Status Conference as to Howard Leventhal held on 9/9/2016 before Judge Brian M. Cogan. AUSA Winston Paes; Steve Zissou, Esq. for deft. Defense submission by 9/16; govt response by 9/23. Status Conference set for 10/5/2016 at 3:15 PM in Courtroom 8D South. (Court Reporter Michele Nardone.) (Clarke, Melonie) (Entered: 09/09/2016) |
| 09/20/2016 | 156 | | Letter *re Fatico hearing issues* as to Howard Leventhal (Zissou, Steven) (Entered: 09/20/2016) |
| 09/21/2016 | | | ORDER as to Howard Leventhal re 156 Letter. Defendant's request for a Fatico hearing is denied. The district court is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full–blown evidentiary hearing in resolving sentencing disputes. All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations. United States v. Phillips, 431 F.3d 86, 93 (2d Cir. 2005); see also United States v. Ghailani, 733 F.3d 29, 54 (2d Cir. 2013) (no error where district court declined to hold Fatico hearing before considering certain out–of–court statements). The defendant has had an opportunity to rebut the Government's allegations: defendant cross examined Agent Delzotto regarding Raphael's statements during the 9/11/2015 bail revocation hearing, and defendant addressed Raphael's statements at length during the status conference on 9/9/2016. Defendant has made no proffer of what additional evidence he would solicit, and several of the facts he puts forward in his letter the Court will assume are true for purposes of the sentencing. Ordered by Judge Brian M. Cogan on 9/21/2016. (Clarke, Melonie) (Entered: 09/21/2016) |
| 09/22/2016 | 157 | | Character Letter dated 9/15/16 from Peter Adjara, an inmate, on behalf of Howard Leventhal as to Howard Leventhal. (Guzzi, Roseann) (Entered: 09/27/2016) |
| 09/26/2016 | | | SCHEDULING ORDER as to Howard Leventhal. The time of the proceeding previously set for 10/5/2016 at 3:15 PM is advanced to **10:45 AM** / in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 9/26/2016. (Clarke, Melonie) (Entered: 09/26/2016) |
| 09/26/2016 | | | RESCHEDULING ORDER as to Howard Leventhal. Due to a change in the Court's schedule the proceeding previously set for 10/5/2016 is reset to 10/13/2016 at 2:15 PM in Courtroom 8D South. Ordered by Judge Brian M. Cogan on 9/26/2016. (Clarke, Melonie) (Entered: 09/26/2016) |
| 10/13/2016 | | | Minute Entry for proceedings held as to Howard Leventhal on 10/13/2016 before Judge Brian M. Cogan. AUSA Winston Paes w/ USPO Michelle Espinoza; Steve Zissou, Esq. for deft. Sentencing adjourned to 11/9/2016 at 2:15 PM in Courtroom 8D South. (Court Reporter Anthony Frisolone.) |

| | | | |
|---|---|---|---|
| | | | (Clarke, Melonie) (Entered: 10/13/2016) |
| 11/08/2016 | 158 | | Letter *regarding Fatico hearing issues* as to Howard Leventhal (Zissou, Steven) (Entered: 11/08/2016) |
| 11/08/2016 | 159 | | Letter *enclosing medical affidavit* as to Howard Leventhal (Zissou, Steven) (Entered: 11/08/2016) |
| 11/08/2016 | | | Order re: 158 , 159 . This Court's individual practice rules require all sentencing materials to be submitted to the Court at least one week prior to sentencing so that the Court has sufficient opportunity to carefully consider them. Defendant has, again, filed materials the day before sentencing. There is nothing about these materials that precluded defendant from submitting them earlier. The Government is directed to respond to these submissions by 11/23. Sentencing is reset for 12/6/2016 at 10:30 AM in Courtroom 8D South. Defendant is directed to stop making last minute submissions unless something happens at the last minute. Ordered by Judge Brian M. Cogan on 11/8/2016. (Clarke, Melonie) (Entered: 11/08/2016) |
| 11/16/2016 | 160 | | Letter dated 11/10/16 from defendant Howard Leventhal requesting an off record conference in Chambers. (Guzzi, Roseann) (Entered: 11/17/2016) |
| 11/23/2016 | 161 | | Letter *by the government, dated Novemner 23, 2016, in response to the defendant's letter dated November 8, 2016 (Dkt. Nos. 158 & 159)* as to Howard Leventhal (Paes, Winston) (Entered: 11/23/2016) |
| 11/30/2016 | 162 | | Letter *by the government, dated November 30, 2016, providing supplemental MDC medical records* as to Howard Leventhal (Paes, Winston) (Entered: 11/30/2016) |
| 12/06/2016 | 165 | | Minute Entry for proceedings held before Judge Brian M. Cogan: Sentencing held on 12/6/2016 for Howard Leventhal (1), Count(s) 1, 2, defendant is sentenced to 36 months on Count 1 and 24 months on Count 2 to run consecutive to Count 1; 4 years supervised release $200.00 special assessment fee. Defendant advised of right to appeal. The Court recommends to the BOP that the defendant be incarcerated at a facility in the Midwest region, close to Illinois. (Court Reporter LInda Danelczyk.) (Guzzi, Roseann) (Main Document 165 replaced on 12/19/2016) (Clarke, Melonie). (Entered: 12/19/2016) |
| 12/14/2016 | 164 | | Letter dated 12/9/16 from Howard Leventhal as a request for expedited sentencing order recommending designation to the Camp at Oxford. (Guzzi, Roseann) (Entered: 12/19/2016) |
| 12/16/2016 | 163 | | Letter *by the government, dated December 16, 2016, concerning the BOP's transportation plan* as to Howard Leventhal (Paes, Winston) (Entered: 12/16/2016) |
| 12/19/2016 | 166 | | JUDGMENT dated 12/15/16 as to Howard Leventhal (1), Count(s) 1,2 defendant is sentenced to 36 months on Count 1 and 24 months on Count 2 to run consecutive to Count 1; 4 years supervised release $200.00 special assessment fee; restitution in the amount of $1,350,819.78; the Court recommends to the BOP that the defendant be designated to either FCI–Oxford or a Correctional Medical Facility in Illinois. He is from Illinois, he has family in Illinois, and he has a serious medical condition that may |

| | | | |
|---|---|---|---|
| | | | require rapid response. Special conditions of supervision. ( Ordered by Judge Brian M. Cogan on 12/15/2016 ) (Attachments: # 1 Order of forfeiture) (Guzzi, Roseann) (Entered: 12/19/2016) |
| 12/29/2016 | 168 | | NOTICE OF APPEAL from 166 Judgment entered 12/19/16 by Attorney for Howard Leventhal. No fee paid. Appellant represented by CJA Counsel. Service done electronically. (Zissou, Steven) Modified on 1/3/2017 to reflect Judgment, fee status and service.(McGee, Mary Ann). (Entered: 12/29/2016) |
| 01/03/2017 | | | Electronic Index to Record on Appeal as to Howard Leventhal sent to US Court of Appeals 168 Notice of Appeal – Final Judgment, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 01/03/2017) |
| 01/10/2017 | 169 | | Letter dated 1/5/2017 from Howard Leventhal requesting clarification. (Tavarez, Jennifer) (Entered: 01/12/2017) |
| 01/13/2017 | 170 | | ORDER re 169 Letter asking a number of questions regarding the restriction placed on his filing civil actions as to Howard Leventhal. ( Ordered by Judge Brian M. Cogan on 1/12/2017 ) c/m (Guzzi, Roseann) (Entered: 01/13/2017) |
| 01/19/2017 | 171 | | Letter dated January 12, 2017 to Judge Cogan re Howard Leventhal. The Court is restricting this letter and attachments with access to the parties only because it identifies personal information of a nonparty and their right to privacy outweighs the public's limited right of access. (Attachments: # 1 Supplement 1–13–17) (Clarke, Melonie) (Entered: 01/19/2017) |
| 01/30/2017 | 172 | | Letter dated 1/26/17 from Howard Leventhal requesting the Court's assistance regarding his transportation issues. Awaiting to be sent to FCI Pekin Illlinois Camp as to Howard Leventhal. (Guzzi, Roseann) (Entered: 02/02/2017) |
| 02/03/2017 | 173 | | Letter *request to schedule a SC (redacted )* as to Howard Leventhal (Zissou, Steven) (Entered: 02/03/2017) |
| 02/03/2017 | 174 | | Letter *request to schedule a SC (unredacted )* as to Howard Leventhal (Zissou, Steven) (Entered: 02/03/2017) |
| 04/12/2017 | 175 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Howard Leventhal held on December 6, 2016, before Judge Brian M. Cogan. Court Reporter/Transcriber Linda Danelczyk, Telephone number 718–613–2330. Email address: Linda_Danelczyk@nyed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request – Transcript" located under "Other Filings – Other Documents". Redaction Request due 5/3/2017. Redacted Transcript Deadline set for 5/15/2017. Release of Transcript Restriction set for 7/11/2017. (Danelczyk, Linda) (Entered: 04/12/2017) |
| 05/09/2017 | 176 | | Letter dated 5/1/2017 to Judge Cogan from Howard Leventhal re request for informal conference. (Clarke, Melonie) (Entered: 05/09/2017) |
| 10/19/2017 | 177 | | AMENDED JUDGMENT dated 10/18/17 as to Howard Leventhal (1), defendant is sentenced to 36 months imprisonment on count 1 and 24 months on count 2 to run consecutive to count 1 for a total of 60 months |

| | | | |
|---|---|---|---|
| | | | imprisonment. **Supervised release 3 years on count 1 and 1 year on count 2 to run concurrent to count 1 for a total of 3 years.** Special assessment $200.00; restitution in the amount of $1,350,819.78. The Court recommends to the BOP that the defendant be designated to either FCI–Oxford or a Correctional Medical Facility in Illinois. He is from Illinois, he has family in Illinois, and he has a serious medical condition that may require rapid response. ( Ordered by Judge Brian M. Cogan on 10/18/2017 ) (Attachments: # 1 Order of forfeiture) (Guzzi, Roseann) M (Entered: 10/19/2017) |
| 04/20/2018 | 179 | | MOTION for Return of Property/PostTrial by Howard Leventhal. (Guzzi, Roseann) (Entered: 04/25/2018) |
| 04/25/2018 | | | ORDER as to Howard Leventhal re 179 MOTION for Return of Property/PostTrial filed by Howard Leventhal. Defense Counsel directed to respond by May 9, 2018. Ordered by Judge Brian M. Cogan on 4/25/2018. (Clarke, Melonie) (Entered: 04/25/2018) |
| 05/04/2018 | 180 | | Letter *re defendant's property and counsel's request pursuant to local rule 1.4* as to Howard Leventhal (Zissou, Steven) (Entered: 05/04/2018) |
| 05/07/2018 | 181 | | ORDER dated 5/5/18 denying defendant's 179 Motion for Return of Property as counsel has returned the property. Counsel's motion to be relieved is granted as to Howard Leventhal (1). ( Ordered by Judge Brian M. Cogan on 5/5/2018 ) c/m (Guzzi, Roseann) (Entered: 05/07/2018) |
| 05/07/2018 | | | Attorney update in case as to Howard Leventhal. Attorney Steven Zissou terminated (Guzzi, Roseann) (Entered: 05/07/2018) |
| 05/07/2018 | 182 | | Letter dated 4/30/18 from Howard Leventhal regarding his return of property. (Guzzi, Roseann) (Entered: 05/11/2018) |
| 05/17/2018 | 183 | | Letter dated 5/14/18from Howard Leventhal, defendant requesting an in person conference as to Howard Leventhal. (Guzzi, Roseann) (Entered: 05/21/2018) |
| 05/22/2018 | 184 | | ORDER dated 5/21/18 that defendant's re 183 request for an in person conference is DENIED. ( Ordered by Judge Brian M. Cogan on 5/21/2018 ) c/m (Guzzi, Roseann) (Entered: 05/22/2018) |
| 06/05/2018 | 185 | | Defendant's Amended Final Sentencing Statement submitted by Howard Leventhal, defendant. (Guzzi, Roseann) (Entered: 06/08/2018) |
| 06/11/2018 | 186 | | Emergency MOTION to Vacate under 28 U.S.C. 2255 by Howard Leventhal. (Guzzi, Roseann)<br>Civil case 1:18–cv–03470–BMC opened. (Entered: 06/14/2018) |
| 06/14/2018 | 187 | | Letter *request for a written order approving para–legal hours* as to Howard Leventhal (Zissou, Steven) (Entered: 06/14/2018) |
| 06/14/2018 | | | ORDER as to Howard Leventhal re 187 Letter approving para–legal hours. Ordered by Judge Brian M. Cogan on 6/14/2018. C/M (Entered: 06/14/2018) |
| 07/09/2018 | 188 | | MOTION to Dismiss *appeal* by Howard Leventhal. (Guzzi, Roseann) (Entered: 07/09/2018) |
| 07/09/2018 | 189 | | NOTICE OF ATTORNEY APPEARANCE Patrick Hein appearing for USA. (Hein, Patrick) (Entered: 07/09/2018) |

| 07/10/2018 | | | ORDER re 186 Emergency MOTION to Vacate under 28 U.S.C. 2255 filed by Howard Leventhal. The Government is directed to respond by August 1, 2018. Ordered by Judge Brian M. Cogan on 7/10/2018. C/M (Clarke, Melonie) (Entered: 07/10/2018) |
|---|---|---|---|
| 07/11/2018 | 190 | | ORDER on motion to withdraw appeal 188 denied as to Howard Leventhal without prejudice to renewal in the Second Circuit pursuant to its procedures as the appeal is pending there. This Court has no jurisdiction to authorizing withdrawing an appeal. Ordered by Judge Brian M. Cogan on 7/9/2018. C/M. (Clarke, Melonie) (Entered: 07/11/2018) |
| 07/12/2018 | 191 | | Letter *requesting additional time to respond to Defendant's Section 2255 Motion, ECF No. 186* as to Howard Leventhal (Hein, Patrick) (Entered: 07/12/2018) |
| 07/12/2018 | | | ORDER as to Howard Leventhal re 191 Governments letter requesting until August 31, 2018 to respond to Defendant's Section 2255 Motion, ECF No. 186. Application Granted. Ordered by Judge Brian M. Cogan on 7/12/2018. (Clarke, Melonie)C/M (Entered: 07/12/2018) |
| 07/13/2018 | 192 | | Letter dated 7/8/2018 to Judge Cogan from Howard Leventhal, Pro Se. (Lee, Tiffeny) (Entered: 07/18/2018) |
| 07/17/2018 | 193 | | Letter dated 7/10/2018 to Judge Cogan from Howard Leventhal, Pro Se. (Lee, Tiffeny) (Entered: 07/18/2018) |
| 07/17/2018 | 194 | | Emergency MOTION tfor Temporary Restraining Order Under Fed R Civ P Rule 65(b) by Howard Leventhal. (Lee, Tiffeny) (Entered: 07/18/2018) |
| 07/17/2018 | 195 | | First Amended MOTION/PETITION for Sentence Reduction under 28 U.S.C. 2255 by Howard Leventhal. (Attachments: # 1 Cover Letter) (Lee, Tiffeny) (Entered: 07/18/2018) |
| 07/17/2018 | 196 | | EXHIBIT B to 195 First Amended MOTION/PETITION for Sentence Reduction under 28 U.S.C. 2255 by Howard Leventhal – Hard Cover Book, Licensed to Lie by Sidney Powell. (forwarded to Chambers) (Lee, Tiffeny) (Entered: 07/18/2018) |
| 07/17/2018 | 197 | | NOTICE of Filing by Howard Leventhal re 193 Letter, 195 First Amended MOTION/PETITION for Sentence Reduction under 28 U.S.C. 2255, 196 Exhibit List, 194 Emergency MOTION for Temporary Restraining Order Under Fed R Civ P Rule 65(b). (Lee, Tiffeny) (Entered: 07/18/2018) |
| 07/19/2018 | 198 | | ORDER dated 7/18/18 petitioner/defendant Howard Leventhal's 194 Motion for Temporary Restraining Order as to Howard Leventhal (1) is DENIED without prejudice to renewal as petition under 28:2241 filed in the District of Minnesota where defendant is being held. ( Ordered by Judge Brian M. Cogan on 7/18/2018 ) c/m (Guzzi, Roseann) (Entered: 07/19/2018) |
| 07/27/2018 | 199 | | Letter from deft Howard Leventhal to Judge Cogan, requesting the court allow him the opportunity to address whatever new deception is now before you," and also raising the issue of ineffective assistance of counsel. (Attachments: # 1 Envl.). (Layne, Monique) (Entered: 07/31/2018) |
| 07/30/2018 | | | ORDER as to Howard Leventhal re 195 First Amended MOTION/PETITION for Sentence Reduction under 28 U.S.C. 2255 filed by Howard Leventhal. |

| | | | |
|---|---|---|---|
| | | | Government directed to respond to the amended motion by September 10, 2018. Ordered by Judge Brian M. Cogan on 7/30/2018. c/m (Clarke, Melonie) (Entered: 07/30/2018) |
| 08/08/2018 | 200 | | MANDATE of USCA (certified copy) as to Howard Leventhal. Appellant, pro se, moves to withdraw and dismiss his appeal on an emergency basis. IT IS HEREBY ORDERED that the motion is GRANTED. Mandate Issued: 8/8/18. USCA #16−4298 (McGee, Mary Ann) (Entered: 08/08/2018) |
| 08/09/2018 | 201 | | ADDENDUM to re 195 First Amended MOTION/PETITION for Sentence Reduction under 28 U.S.C. 2255 filed by Howard Leventhal. (Guzzi, Roseann) (Entered: 08/10/2018) |
| 08/10/2018 | 202 | | Letter/Petitioner's Additional Comments Relating to Public Interest in Granting Requested Relief by Howard Leventhal. (Attachments: # 1 Notice of Filing, # 2 Cover Letter) (Lee, Tiffeny) (Entered: 08/16/2018) |
| 08/20/2018 | 203 | | Appellant's "Notice of Filing 200 USCA Mandate dismissing appeal with the Clerk as to Howard Leventhal" USCA #16−4298 (McGee, Mary Ann) (Entered: 08/22/2018) |
| 08/22/2018 | | | First Supplemental Electronic Index to Record on Appeal as to Howard Leventhal sent to US Court of Appeals 203 Appellant's "Notice of Filing 200 USCA Mandate dismissing appeal" (McGee, Mary Ann) (Entered: 08/22/2018) |
| 09/06/2018 | 205 | | Letter *requesting additional time to respond to Defendant's Amended Section 2255 Motion, ECF No. 195* as to Howard Leventhal (Hein, Patrick) (Entered: 09/06/2018) |
| 09/07/2018 | | | ORDER as to Howard Leventhal re 205 Government's Letter requesting until September 17, 2018 to respond to Defendant's Amended Section 2255 Motion ECF No. 195. Application Granted. Ordered by Judge Brian M. Cogan on 9/6/2018. (Clarke, Melonie) C/M (Entered: 09/07/2018) |
| 09/10/2018 | 206 | | Letter dated 9/4/18 from Howard Leventhal requesting a telephonic hearing. (Guzzi, Roseann) (Entered: 09/14/2018) |
| 09/17/2018 | 207 | | RESPONSE in Opposition re 186 Emergency MOTION to Vacate under 28 U.S.C. 2255 , 195 First Amended MOTION/PETITION for Sentence Reduction under 28 U.S.C. 2255 (Attachments: # 1 Exhibit A) (Hein, Patrick) (Entered: 09/17/2018) |
| 09/24/2018 | 208 | | MOTION for Extension of Time to File Response/Reply *to docket Telephonic Hearing* by Howard Leventhal. (Marziliano, August) (Entered: 09/25/2018) |
| 09/26/2018 | | | ORDER granting 208 request for extension to 10/5/18 as to Howard Leventhal. The Court defers ruling on telephonic hearing pending review of the motion papers. Ordered by Judge Brian M. Cogan on 9/25/2018. C/M. (Clarke, Melonie) (Entered: 09/26/2018) |
| 10/15/2018 | 209 | | MOTION for Summary Judgment; petitioner's Statement Pursuant to Local Civil Rule 56.1; Motion to Strike Government's Response; Memorandum of supplement information supporting immediate release; Motion for alternative relief by Howard Leventhal. (Guzzi, Roseann) (Entered: 10/15/2018) |

| 10/16/2018 | | | ORDER as to Howard Leventhal re 209 MOTION to Dismiss. The Government is directed to respond by Oct. 29, 2018. Ordered by Judge Brian M. Cogan on 10/15/2018. C/M. (Clarke, Melonie) (Entered: 10/16/2018) |
|---|---|---|---|
| 10/17/2018 | 210 | | ORDER as to Howard Leventhal re enclosed letter dated 9/27/2018. (Attachments: # 1 supplement). Defendant does not provide an adequate justification to seal the letter or its attachments. His request to file the letter as a sealed ex parte communication is denied. Ordered by Judge Brian M. Cogan on 10/17/2018. C/M (Clarke, Melonie) M (Entered: 10/17/2018) |
| 10/18/2018 | 211 | | Letter dated 9/14/18 from Howard Leventhal re: "running out the clock". (Guzzi, Roseann) (Entered: 10/22/2018) |
| 10/19/2018 | 212 | | Letter "Emergency Motion for instanter suspension of sentence or bail" as to Howard Leventhal. (Guzzi, Roseann) (Entered: 10/22/2018) |
| 10/19/2018 | 213 | | Letter enclosing Duplicate filing of Motion for summary judgment; petitioner's statement 56.1; motion to strike Gov't response; memorandum of supplemental information; motion for alternative relief as to Howard Leventhal. (Guzzi, Roseann) (Entered: 10/22/2018) |
| 10/22/2018 | 214 | | MOTION for Order to Show Cause *why Patrick T. Hein and Richard P. Donoghue should not be found and held in indirect contempt* by Howard Leventhal. (Marziliano, August) (Entered: 10/23/2018) |
| 10/24/2018 | 215 | | ORDER denying 214 Motion for Order to Show Cause as to Howard Leventhal (1). DENIED as frivolous. ( Ordered by Judge Brian M. Cogan on 10/23/2018 ) c/m (Guzzi, Roseann) (Entered: 10/24/2018) |
| 10/25/2018 | 216 | | Additional Support for Immediate Release dated 10/22/18 submitted by Howard Leventhal, pro se. (Guzzi, Roseann) (Entered: 10/26/2018) |
| 11/26/2018 | 217 | | Letter dated 11/19/18 from Howard Leventhal having not received any response from the Government; and in further support of his 2255. Requesting substitution of Judge. (Guzzi, Roseann) (Entered: 11/28/2018) |
| 12/12/2018 | 218 | | Letter dated 12/5/18 from Howard Leventhal requesting the Court order the Government to provide me with paper copies of court events. (Guzzi, Roseann) (Entered: 12/14/2018) |
| 01/04/2019 | 219 | | Provisional Motion to dismiss Petition under 28 U.S.C. 2255 submitted by plaintiff Leventhal, pro se. (Guzzi, Roseann) (Entered: 01/07/2019) |
| 01/09/2019 | 220 | | ORDER dated 1/8/19 that Petitioners request to be transferred to home confinement is denied, and his provisional motion to dismiss his pending § 2255 petition is denied as moot. as to Howard Leventhal (1). ( Ordered by Judge Brian M. Cogan on 1/8/2019 ) c/m (Guzzi, Roseann) Civil Case 1:18–cv–03470–BMC closed. (Entered: 01/09/2019) |
| 01/11/2019 | 221 | | ORDER dated 1/8/19 regarding letter returned to Mr. Leventhal as to Howard Leventhal. ( Ordered by Judge Brian M. Cogan on 1/8/2019 ) (Guzzi, Roseann) (Entered: 01/11/2019) |
| 02/05/2019 | 222 | | Letter dated 1/30/19 from Howard Leventhal, dft requesting a telephone conference. (Guzzi, Roseann) (Entered: 02/06/2019) |
| 03/22/2019 | 223 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE OF APPEAL by Howard Leventhal re 220 Order on Motion to Vacate (2255), Order on Motion to Dismiss. No fee paid. Appellant previously represented by Retained Counsel. Service done electronically. (McGee, Mary Ann) (Entered: 03/28/2019) |
| 03/28/2019 | | | Electronic Index to Record on Appeal as to Howard Leventhal sent to US Court of Appeals 223 Notice of Appeal – Final Judgment Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 03/28/2019) |
| 04/18/2019 | 224 | | MEMORANDUM DECISION AND ORDER dated 4/17/19 that defendants amended motion for habeas corpus relief [186, 195, 201], his motion for alternative relief 209 , and his recusal motion 217 are DENIED. The Court certifies pursuant to 28:1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962) as to Howard Leventhal. ( Ordered by Judge Brian M. Cogan on 4/17/2019 ) c/m (Guzzi, Roseann) (Entered: 04/18/2019) |
| 09/19/2019 | 225 | | MANDATE of USCA (certified copy) as to Howard Leventhal. Appellant, pro se, moves for leave to proceed in forma pauperis and to consolidate this appeal with the appeal docketed under 16–4298. It is ORDERED that the motion is DENIED and the appeal is DISMISSED because it lacks an arguable basis either in law or in fact. Issued as Mandate: 9/19/19 USCA #19–787. (McGee, Mary Ann) (Entered: 09/19/2019) |
| 03/03/2020 | 226 | | TRANSFER OF JURISDICTION REQUEST as to Howard Leventhal To District of Illinois / Northern. Awaiting acceptance and signature. (Attachments: # 1 Probation Form 22, # 2 2nd Probation Form 22) (Brown, Lolita) (Entered: 03/03/2020) |
| 03/04/2020 | 227 | | TRANSFER OF JURISDICTION REQUEST as to Howard Leventhal To the Northern District of Illinois. ( Ordered by Judge Brian M. Cogan on 3/3/2020 ) *Await signature from Northern District of Illinois (Guzzi, Roseann) (Entered: 03/04/2020) |
| 03/04/2020 | 228 | | Notice to Northern Illinois of a Transfer of Jurisdiction as to Howard Leventhal. Docket sheet and documents attached. If you require a copy of the financial ledger, please email your request to [Frank_Daley@nyed.uscourts.gov]. (If you require certified copies of any documents, please send a request to [InterDistrictTransfer_NYED@nyed.uscourts.gov]. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov.) **Please note documents will not be transferred until we receive a signed copy back from your District. (Guzzi, Roseann) (Entered: 03/04/2020) |
| 03/05/2020 | 229 | | TRANSFER OF JURISDICTION REQUEST ACCEPTED as to Howard Leventhal To District of Northern District of Illinois. (Marziliano, August) (Entered: 03/05/2020) |

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 2 3 2013 ★

BROOKLYN OFFICE

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No.  13 CR 695 (BMC) |
| Howard Leventhal | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date:    12/23/2013

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

/s/ Brian M. Cogan
_____
*Judge's signature*

Hon. Brian M. Cogan, U.S.D.J.
*Judge's printed name and title*

JPN:WMP
F.#2013R01251

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  DEC 2 3 2013  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

HOWARD LEVENTHAL,

         Defendant.

I N F O R M A T I O N

Cr. No. 13-695 (BMC)
(T. 18, U.S.C., §§
981(a)(1)(C), 1028A(a)(1),
1028A(b), 1028A(c)(5),
1343, 2 and 3551 et seq.,
T. 21, U.S.C. § 853(p);
T. 28, U.S.C. § 2461(c))

- - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

### The Defendant and Relevant Entities

1.   The defendant HOWARD LEVENTHAL was the President, Chief Executive Officer and Chief Technology Officer of mHealth Technologies Corp. ("mHealth Technologies"), formerly named Neovision USA, Inc. ("Neovision"). LEVENTHAL incorporated Neovision in Illinois on March 6, 2009 and changed its name to mHealth Technologies on May 1, 2013. LEVENTHAL was also the President of Heltheo, Inc. ("Heltheo").

2.   mHealth Technologies marketed itself on its website (http://mhealth.us.com) as a developer of ground-breaking technology that had the premier market position in the

"mHealth" or mobile health industry.  mHealth Technologies further represented that it "delivers 21st century healthcare today, through smartphones and tablets, in a skyrocketing industry forecast to grow from $150 million global revenues in 2010, to $150 billion by 2020" and that "major companies entering this space including Qualcomm, GE Healthcare and others are all missing a key proprietary technology element which is owned and dominated by this emerging and profitable firm."

3.      Health Canada was the department of the government of Canada with responsibility for national public health.  Glenda Yeates was the Deputy Minister of Health for Canada from April 19, 2010 to July 31, 2013.

4.      Paragon Financial Group, Inc. ("Paragon") was a "factoring" company with its principal place of business in Fort Lauderdale, Florida.  "Factoring" was the purchase of a company's accounts receivables, a transaction that, unlike a loan, did not create debt on a balance sheet.  Essentially, factoring allowed a company to speed up its cash flow by selling an asset, such as a portion of the company's accounts receivables, in exchange for cash.  Factoring analyses focused on the creditworthiness of the company's customers, and factoring entities typically purchased a company's assets or accounts receivables at a discount to the book value of the asset or receivable.

2

The Fraudulent Scheme

     5.   In or around March 2012, the defendant HOWARD
LEVENTHAL was introduced to Paragon by an independent broker.
In or about April 2012, LEVENTHAL flew to Florida and met with
representatives of Paragon with the goal of entering into a
factoring agreement with Paragon.  At this meeting, LEVENTHAL
falsely represented to Paragon that Neovision had entered into
an agreement with Health Canada, whereby Neovision would provide
Health Canada with "Heltheo's McCoy Home Health Tablet," a
medical device described in paragraph 7 below.

     6.   Under the terms of the factoring agreement,
Paragon would advance Neovision $800,000 in exchange for $2 to
$4 million purportedly owed to Neovision by Health Canada.  To
induce Paragon to enter into this factoring agreement, on or
about March 22, 2012, the defendant HOWARD LEVENTHAL sent to
Paragon, by facsimile, a document entitled "Articles of
Agreement," which purported to be an agreement between Neovision
and "Her Majesty the Queen in right of Canada . . . represented
by the Minister of Health" (the "HC Agreement").

     7.   The HC Agreement, dated March 16, 2012, was
signed by the defendant HOWARD LEVENTHAL as President of
Neovision and purportedly signed by Glenda Yeates, Canada's
then-Deputy Minister of Health.  According to the HC Agreement,
"in consideration of the performance of the work, Her Majesty

3

shall pay to [Neovision] a sum of approximately CAD$8,438,600.00

. . . ." Appendix H to the HC Agreement provided, inter alia,

that "Heltheo's McCoy Home Health Tablet, named after the

fictional Dr. Leonard McCoy of TV's Star Trek series, is

designed as a platform to maximise the patient benefits through

broadband-augmented in-home telemedicine."

8.   On or about May 9, 2012, based on the defendant

HOWARD LEVENTHAL's representations, Paragon entered into a

factoring agreement with Neovision.  On or about May 24, 2012,

Paragon executed four separate bank wire transfers to Neovision

totaling $800,000.

9.   In September 2012, when Paragon attempted to

collect the money owed to Neovision by Health Canada, an

individual claiming to be "Shea McConagle, Staff Attorney, Chief

Financial Officer Branch (CFOB), Health Canada" informed Paragon

that the HC Agreement was suspended and would remain so until

Neovision found a replacement lender.  As of December 20, 2013,

Paragon had neither received a payment from Health Canada nor

received a refund of the $800,000 advance payment made to

Neovision.

10.   Contrary to the defendant HOWARD LEVENTHAL's

representations to Paragon: (a) the HC Agreement was a

fraudulent document; (b) Health Canada had not entered into any

agreements with Neovision and did not owe Neovision or any of

4

LEVENTHAL's companies any money; (c) Deputy Health Minister Glenda Yeates's purported signature on the HC Agreement was a forgery; and (d) Shea McConagle was not employed by Health Canada.

11.   In or about and between December 2011 and November 2013, the defendant HOWARD LEVENTHAL used versions of the same fraudulent HC Agreement and made numerous other false representations in an attempt to obtain money from a number of other individuals and companies, including TD Bank in Toronto, Canada and a law enforcement official acting in an undercover capacity, whose identity is known to the United States Attorney (the "UC"). Over the course of these attempts, LEVENTHAL made false representations about, inter alia, (a) contracts his company had with Health Canada and other entities, (b) revenue generated through the sale of Heltheo's McCoy Home Health Tablet, and (c) investments by notable individuals in his company.

12.   In furtherance of his scheme, the defendant HOWARD LEVENTHAL also created and distributed fabricated Bank of America statements for Neovision that displayed millions of dollars in transactions and payments from Health Canada to Neovision. For example, the fraudulent Bank of America statements for Neovision sent by LEVENTHAL to the UC showed a beginning balance of $1,684,614.92 on March 1, 2013, an ending

5

balance of $870,034.24 on July 31, 2013, and more than $21 million in combined deposits and withdrawals during that period. In fact, Neovision's bank statements for the same account and time period received directly from Bank of America showed a beginning balance of $1,789.31 on March 1, 2013, an ending balance of $4,326.36 on July 31, 2013, and approximately $300,000 in combined deposits and withdrawals during that period.  Additionally, Neovision's true bank statements for the same account and time period revealed that there were no deposits or wire transfers from Health Canada.

13.  To effectively execute his scheme to defraud, the defendant HOWARD LEVENTHAL fraudulently used the identities of representatives of Health Canada, including Deputy Minister of Health Glenda Yeates.  Specifically, LEVENTHAL forged Deputy Minister Glenda Yeates's signature on the fraudulent HC Agreement.  LEVENTHAL also created telephone and facsimile numbers and an email account in the name of "Glenda Yeates."

### COUNT ONE
(Wire Fraud)

14.  The allegations contained in paragraphs 1 through 13 are realleged and incorporated as though fully set forth in this paragraph.

15.  In or about and between December 2011 and November 2013, both dates being approximate and inclusive,

USCA2 32

within the Eastern District of New York and elsewhere, the
defendant HOWARD LEVENTHAL, together with others, did knowingly
and intentionally devise a scheme and artifice to defraud and to
obtain money and property from individuals and entities by means
of materially false and fraudulent pretenses, representations
and promises, and for the purpose of executing such scheme and
artifice, transmitted and caused to be transmitted, by means of
wire communication in interstate and foreign commerce, writings,
signs, signals, pictures and sounds, specifically: an email on
September 20, 2013 from LEVENTHAL to the UC that attached six
different dated and executed versions of a purported agreement
between Neovision and Health Canada.

(Title 18, United States Code, Sections 1343, 2 and
3551 et seq.)

## COUNT TWO
(Aggravated Identity Theft)

16.   The allegations contained in paragraphs 1 through
13 are realleged and incorporated as though fully set forth in
this paragraph.

17.   In or about and between December 2011 and
November 2013, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendant HOWARD LEVENTHAL, during and in relation to the crime
charged in Count One, did knowingly and intentionally transfer,

7

possess and use, without lawful authority, a means of identification of another person, specifically, Glenda Yeates, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

18.   The United States hereby gives notice to the defendant HOWARD LEVENTHAL that, upon his conviction of the offense charged in Count One, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

19.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant HOWARD LEVENTHAL:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

USCA2 34

     d.   has been substantially diminished in value; or

     e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

     (Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(p); Title 18, United States Code, Section 981(a)(1)(C))

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.# 2013R01251
FORM DBD-34
JUN. 85

No.   13 CR 695 (BMC)

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*HOWARD LEVENTHAL,*

Defendant.

# INFORMATION

(T. 18, U.S.C., §§ 981(a)(1)(C), 1028A(a)(1), 1028A(b), 1028A(c)(5),
1343, 2 and 3551 et seq., T. 21, U.S.C. § 853(p); T. 28, U.S.C. § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

_____

**Winston M. Paes, Assistant U.S. Attorney (718) 254-6023**

USCA2 36

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of New York

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| Howard Leventhal | ) | Case Number:  13cr00695-BMC |
| | ) | USM Number:  46376-424 |
| | ) | Steve Zissou, Esq. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   Counts 1 and 2 of the Information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343; | Wire Fraud | 10/22/2013 | 1 |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | 10/22/2013 | 2 |

    The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/6/2016
Date of Imposition of Judgment

# Digitally signed by Brian M. Cogan

Signature of Judge

BRIAN M. COGAN   U.S.D.J.
Name and Title of Judge

12/15/2016
Date

AO 245B (Rev. 11/16)   Judgment in Criminal Case
 Sheet 2 — Imprisonment

Judgment — Page __2__ of __8__

DEFENDANT: Howard Leventhal
CASE NUMBER:  13cr00695-BMC

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Count 1: 36 months custody
Count 2: 24 months custody to be imposed consecutive to count 1 for a total of 60 months imprisonment.

☑   The court makes the following recommendations to the Bureau of Prisons:

The defendant be designated to either FCI- Oxford or  a Correctional Medical Facility in Illinois.  He is from Illinois, he has family in Illinois, and he has a serious medical condition that may require rapid response.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____   ☐ a.m.   ☐ p.m.   on   _____ .

    ☐  as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on   _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
             Sheet 3 — Supervised Release

| | Judgment—Page | 3 | of | 8 |

DEFENDANT:   Howard Leventhal
CASE NUMBER:   13cr00695-BMC

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :   4 Years

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
            ☐ The above drug testing condition is suspended, based on the court's determination that you
               pose a low risk of future substance abuse. *(check if applicable)*
4.    ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page   4   of   8

DEFENDANT:  Howard Leventhal
CASE NUMBER:  13cr00695-BMC

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  _____     Date  _____

DEFENDANT:  Howard Leventhal
CASE NUMBER:  13cr00695-BMC

## SPECIAL CONDITIONS OF SUPERVISION

l) The defendant shall comply with the restitution and forfeiture orders.

2) The defendant shall make full financial disclosure to the Probation Department.

3) The defendant shall not incur any new bank accounts or lines of credit, and shall not secure investments from individuals or businesses, without the permission of the Court or the Probation Department.

4) The defendant shall participate in a mental health treatment program as approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay.

5. The defendant can not commence any civil litigation, nor seek to reopen any closed civil case, without the Court's permission, which will be granted if the Court determines that there is a colorable basis for the proposed claim.

6. The defendant shall have no contact in any form, whether in person, by mail, telephone, email, or other electronic means, with any victim of the offense conduct or relevant conduct, as defined by a list with which the Probation Department will provide him, without prior permission of  the Probation Department.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __8__

DEFENDANT: Howard Leventhal
CASE NUMBER: 13cr00695-BMC

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ | $ 1,350,819.78 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Paragon Financial Group | $800,000.00 | $800,000.00 | |
| CVA Partners | $175,819.78 | $175,819.78 | |
| Vincent Hseieh | $50,000.00 | $50,000.00 | |
| David Spector | $25,000.00 | $25,000.00 | |
| Can Capital Asset Services | $300,000.00 | $300,000.00 | |

*Payees info known to the govt.

| **TOTALS** | $ _____ | $ _____ | |
|---|---|---|---|

☑ Restitution amount ordered pursuant to plea agreement $ __1,350,819.78__

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the    ☐ fine    ☑ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

Judgment — Page   7   of   8

DEFENDANT: Howard Leventhal
CASE NUMBER: 13cr00695-BMC

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ ___200.00___ due immediately, balance due

        ☐  not later than _____ , or
        ☐  in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

        Restitution in the amount of 1,350,819.78, due immediately and payable at a rate of $25 per quarter while in custody, and at a rate of 10% of his gross income per month while on supervised release. Contact information for payees known to the Government.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

      Defendant and Co-Defendant Names and Case Numbers *(including defendant number),* Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

Case 1:13-cr-00695-BMC   Document 166   Filed 12/19/16   Page 8 of 8   PageID 1583

DEFENDANT:  Howard Leventhal
CASE NUMBER:  13cr00695-BMC .

## ADDITIONAL FORFEITED PROPERTY

1. Forfeiture Order attached to judgment.

USCA2 44

Case 1:13-cr-00695-BMC   Document 145   Filed 01/20/14   Page 1 of 4 PageID #: 562

SLR:LDM:CSK
F.#2013R01251

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    -against-

HOWARD LEVENTHAL,

          Defendant.

- - - - - - - - - - - - - - - - - - -X

ORDER OF
FORFEITURE

13-CR-0695 (BMC)

WHEREAS, on or about December 23, 2013, the defendant, Howard Leventhal, entered a plea of guilty to the above-captioned Information, charging violations of 18 U.S.C. §§ 1343 and 1028A(a)(1); and

WHEREAS, the defendant consents to the entry of a forfeiture money judgment in the amount of one million, fifty thousand, eight hundred nineteen dollars and seventy-eight cents ($1,050,819.78) (the "Forfeiture Money Judgment"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, and/or pursuant to 21 U.S.C. § 853(p), as a substitute asset.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, on consent, by and between the United States and the defendant as follows:

1.      The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

2.      If the defendant fails to pay the Forfeiture Money Judgment interest will accrue at the statutory post-judgment rate of interest, as set forth in 18 U.S.C. § 3612(f)(2), and

Case 1:13-cr-00695-BMC   Document 166-1   Filed 12/19/16   Page 2 of 4   PageID 1585
Case 1:13-cr-00695-BMC   Document 145-1   Filed 01/20/14   Page 2 of 4 PageID ## 573

2

the United States may, among other things, execute on any substitute assets up to the unpaid

portion of the Forfeiture Money Judgment pursuant to 21 U.S.C. § 853(p), the Federal Debt

Collection Procedures Act, or any other applicable law.

3.      The defendant shall fully assist the Government in effectuating the

payment of the Forfeiture Money Judgment.  The failure of the defendant to forfeit any monies

and/or properties as required under this agreement, including the failure of the defendant to

execute any document to accomplish same on timely notice to do so, may constitute a material

breach of this agreement.  The defendant shall not file or interpose any claim or assist others in

filing or interposing any claim to any property against which the Government seeks to execute

the Forfeiture Money Judgment in any administrative or judicial proceeding.  The defendant

agrees that the entry and payment of the Forfeiture Money Judgment shall not be considered a

payment of a fine, penalty, restitution loss amount, or payment on any income taxes that may be

due, and shall survive bankruptcy.

4.      The defendant represents that he has disclosed all of his assets to the

United States on a financial statement dated December 22, 2013 and entitled "United States

Department of Justice Financial Statement" (the "Financial Statement").  The defendant agrees

that a failure to disclose assets on the Financial Statement constitutes a material breach of his

plea.  In addition, the defendant consents to the forfeiture to the United States of all assets in

which he has an interest but failed to disclose on the Financial Statement, if any.

5.      The defendant knowingly and voluntarily waives his right to any required

notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including

notice set forth in an indictment or information.  In addition, the defendant knowingly and

voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or

*U.S. v. Howard Leventhal*, 13-CR-0695 (BMC), Order of Forfeiture

Case 1:13-cr-00695-BMC   Document 166-1   Filed 12/19/16   Page 3 of 4   PageID 1586
Case 1:13-cr-00695-BMC   Document 145   Filed 01/30/14   Page 3 of 4 PageID #: 584

3

properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said

monies and/or properties, including but not limited to, any defenses based on principles of

double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or

any defense under the Eighth Amendment, including a claim of excessive fines.

6.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final

as to the defendant at the time of sentencing and shall be made part of the sentence and included

in the Judgment of Conviction.  This order shall become the Final Order of Forfeiture, as

provided by Fed. R. Crim. P. 32.2(c)(2).

7.      The terms contained herein shall be final and binding only upon the

Court's "so ordering" of this Order.

8.      The Court shall retain jurisdiction over this action to enforce compliance

with terms of the Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9.      The Forfeiture Money Judgment shall be paid in the form of certified or

bank check(s), payable to the "United States Marshals Service", and all said checks shall be sent

by overnight mail to Assistant United States Attorney Claire S. Kedeshian, United States

Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York

11201, with the criminal docket number noted on the face of the check.

_U.S. v. Howard Leventhal_, 13-CR-0695 (BMC), Order of Forfeiture

Case 1:13-cr-00695-BMC  Document 145-1  Filed 01/29/14  Page 4 of 44 PageID #: 595

4

10.     The Clerk of Court shall forward three certified copies of this order to the

U.S. Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor,

Brooklyn, New York 11201, Att: FSA Supervisory Paralegal Dionne Gill.

Date:   Brooklyn, New York
        January 29      , 2014

                                        SO ORDERED:

                                        Digitally signed by Brian M.
                                        Cogan
                                        _____
                                        HONORABLE BRIAN M. COGAN
                                        UNITED STATES DISTRICT JUDGE

_U.S. v. Howard Leventhal_, 13-CR-0695 (BMC), Order of Forfeiture

FILED
★ OCT 19 2017 ★

U.S. DISTRICT COURT E.D.N.Y.
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

# UNITED STATES DISTRICT COURT

Eastern District of New York

BROOKLYN OFFICE

UNITED STATES OF AMERICA

**v.**

Howard Leventhal

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

### AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number: 13cr00695-BMC

USM Number: 46376-424

Steven Zissou, Esq.

Defendant's Attorney

**Date of Original Judgment:** 12/6/2016

*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**

- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
  Supervised Release

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or
  ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

- ☑ pleaded guilty to count(s)  Counts 1 and 2 of the Information
- ☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.
- ☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1343 | Fraud | 10/22/2013 | 1 |
| 18 U.S.C. § 1028(a)(1) | Aggravated Identity Theft | 10/22/2013 | 2 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/6/2016

Date of Imposition of Judgment

/s/ (BMC)

Signature of Judge

BRIAN M. COGAN          U.S.D.J.

Name and Title of Judge

10/18/2017

Date

USCA2 49

DEFENDANT:   Howard Leventhal
CASE NUMBER:   13cr00695-BMC

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

Count 1: 36 months custody
Count 2: 24 months custody to be imposed consecutive to count 1 for a total of 60 months imprisonment

☑    The court makes the following recommendations to the Bureau of Prisons:

The defendant be designated to either FCI-Oxford or a Correctional Medical Facility in Illinois. He is from Illinois, he has family in Illinois, and he has a serious medical condition that may require rapid response.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐   at _____ ☐ a.m. ☐ p.m. on _____ .

     ☐   as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   before 2 p.m. on _____ .

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

USCA2 50

DEFENDANT:  Howard Leventhal
CASE NUMBER:  13cr00695-BMC

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Count 1: 3 years.
Count 2: 1 year to run concurrent to count 1 for a total of 3 Years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Howard Leventhal
CASE NUMBER: 13cr00695-BMC

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT:  Howard Leventhal
CASE NUMBER:  13cr00695-BMC

## SPECIAL CONDITIONS OF SUPERVISION

l) The defendant shall comply with the restitution and forfeiture orders.

2) The defendant shall make full financial disclosure to the Probation Department.

3) The defendant shall not incur any new bank accounts or lines of credit, and shall not secure investments from individuals or businesses, without the permission of the Court or the Probation Department.

4) The defendant shall participate in a mental health treatment program as approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he Is reasonably able, and shall cooperate In securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay.

5. The defendant can not commence any civil litigation, nor seek to reopen any closed civil case, without the Court's permission, which will be granted if the Court determines that there is a colorable basis for the proposed claim.

6. The defendant shall have no contact in any form, whether in person, by mail, telephone, email, or other electronic means, with any victim of the offense conduct or relevant conduct, as defined by a list with which the Probation Department will provide him, without prior permission of the Probation Department.

AO 245C (Rev. 09/19 Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
Case 1:13-cr-00695-BMC Document 177 Filed 10/19/17 Page 6 of 8 PageID 1721
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __6__ of __8__

DEFENDANT: Howard Leventhal
CASE NUMBER: 13cr00695-BMC

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ | $ 1,350,819.78 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Paragon Financial Group | $800,000.00 | $800,000.00 | |
| CVA Partners | $175,819.78 | $175,819.78 | |
| Vincent Hseieh | $50,000.00 | $50,000.00 | |
| David Spector | $25,000.00 | $25,000.00 | |
| Can Capital Asset Services | $300,000.00 | $300,000.00 | |

*Payees info known to the govt

| TOTALS | $ 1,350,819.78 | $ 1,350,819.78 |
|---|---|---|

☑ Restitution amount ordered pursuant to plea agreement $ 1,350,819.78

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page __7__ of __8__

DEFENDANT: Howard Leventhal
CASE NUMBER: 13cr00695-BMC

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ __200.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

     Restitution in the amount of 1,350,819.78, due immediately and payable at a rate of $25 per quarter while in
custody, and at a rate of 10% of his gross income per month while on supervised release. Contact information for
payees known to the Government.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine
interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

USCA2 55

DEFENDANT:  Howard Leventhal
CASE NUMBER:  13cr00695-BMC

## ADDITIONAL FORFEITED PROPERTY

1. Forfeiture Order attached to judgment.

USCA2 56

Case 1:13-cr-00695-BMC Document 177-1 Filed 10/19/17 Page 1 of 4 PageID #: 1724
Case 1:13-cr-00695-BMC Document 166-1 Filed 12/19/16 Page 1 of 4 PageID #: 1584
Case 1:13-cr-00695-BMC Document 145 Filed 01/20/14 Page 1 of 4 PageID #: 562

SLR:LDM:CSK
F.#2013R01251

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    -against-

HOWARD LEVENTHAL,

             Defendant.

- - - - - - - - - - - - - - - - - - - -X

ORDER OF
FORFEITURE

13-CR-0695 (BMC)

WHEREAS, on or about December 23, 2013, the defendant, Howard Leventhal, entered a plea of guilty to the above-captioned Information, charging violations of 18 U.S.C. §§ 1343 and 1028A(a)(1); and

WHEREAS, the defendant consents to the entry of a forfeiture money judgment in the amount of one million, fifty thousand, eight hundred nineteen dollars and seventy-eight cents ($1,050,819.78) (the "Forfeiture Money Judgment"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, and/or pursuant to 21 U.S.C. § 853(p), as a substitute asset.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, on consent, by and between the United States and the defendant as follows:

    1.     The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

    2.     If the defendant fails to pay the Forfeiture Money Judgment interest will accrue at the statutory post-judgment rate of interest, as set forth in 18 U.S.C. § 3612(f)(2), and

Case 1:13-cr-00695-BMC  Document 177-1  Filed 10/19/17  Page 2 of 4  PageID 1725
Case 1:13-cr-00695-BMC  Document 166-1  Filed 12/19/16  Page 2 of 4 PageID #: 1585
Case 1:13-cr-00695-BMC  Document 151  Filed 01/30/14  Page 2 of 4 PageID #: 553

2

the United States may, among other things, execute on any substitute assets up to the unpaid

portion of the Forfeiture Money Judgment pursuant to 21 U.S.C. § 853(p), the Federal Debt

Collection Procedures Act, or any other applicable law.

3.       The defendant shall fully assist the Government in effectuating the

payment of the Forfeiture Money Judgment.  The failure of the defendant to forfeit any monies

and/or properties as required under this agreement, including the failure of the defendant to

execute any document to accomplish same on timely notice to do so, may constitute a material

breach of this agreement.  The defendant shall not file or interpose any claim or assist others in

filing or interposing any claim to any property against which the Government seeks to execute

the Forfeiture Money Judgment in any administrative or judicial proceeding.  The defendant

agrees that the entry and payment of the Forfeiture Money Judgment shall not be considered a

payment of a fine, penalty, restitution loss amount, or payment on any income taxes that may be

due, and shall survive bankruptcy.

4.       The defendant represents that he has disclosed all of his assets to the

United States on a financial statement dated December 22, 2013 and entitled "United States

Department of Justice Financial Statement" (the "Financial Statement").  The defendant agrees

that a failure to disclose assets on the Financial Statement constitutes a material breach of his

plea.  In addition, the defendant consents to the forfeiture to the United States of all assets in

which he has an interest but failed to disclose on the Financial Statement, if any.

5.       The defendant knowingly and voluntarily waives his right to any required

notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including

notice set forth in an indictment or information.  In addition, the defendant knowingly and

voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or

_U.S. v. Howard Leventhal_, 13-CR-0695 (BMC), Order of Forfeiture

Case 1:13-cr-00695-BMC Document 177-1 Filed 10/19/17 Page 3 of 4 PageID #: 1726
Case 1:13-cr-00695-BMC Document 166-1 Filed 12/19/16 Page 3 of 4 PageID #: 1586
Case 1:13-cr-00695-BMC Document 151 Filed 01/20/14 Page 3 of 4 PageID #: 584

3

properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6.       Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the Judgment of Conviction. This order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7.       The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

8.       The Court shall retain jurisdiction over this action to enforce compliance with terms of the Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9.       The Forfeiture Money Judgment shall be paid in the form of certified or bank check(s), payable to the "United States Marshals Service", and all said checks shall be sent by overnight mail to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check.

_U.S. v. Howard Leventhal_, 13-CR-0695 (BMC), Order of Forfeiture

Case 1:13-cr-00695-BMC   Document 177-1   Filed 10/19/17   Page 4 of 4   PageID 1727
Case 1:13-cr-00695-BMC   Document 166-1   Filed 12/19/16   Page 4 of 4 PageID #: 1587
Case 1:13-cr-00695-BMC   Document 151   Filed 01/30/14   Page 4 of 4 PageID #: 595

4

10.     The Clerk of Court shall forward three certified copies of this order to the

U.S. Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor,

Brooklyn, New York 11201, Att: FSA Supervisory Paralegal Dionne Gill.

Date:   Brooklyn, New York
        January 29 , 2014

                                SO ORDERED:

                                Digitally signed by Brian M.
                                Cogan

                                HONORABLE BRIAN M. COGAN
                                UNITED STATES DISTRICT JUDGE

*U.S. v. Howard Leventhal*, 13-CR-0695 (BMC), Order of Forfeiture