UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 13 CR 844 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| HOWARD LEVENTHAL | ) | |

**GOVERNMENT'S RESPONSE TO MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby responds to defendant Howard Leventhal's motion to terminate his supervised release.

**I.     Background**

On October 22, 2013, Howard Leventhal was arrested in Chicago on a warrant issued by the Eastern District of New York that charged him with wire fraud, in violation of 18 U.S.C. § 1343. Dkt. 1. That same day, Leventhal appeared before Magistrate Judge Mason, was released on bond, and was ordered removed to the Eastern District of New York. Dkt. 2, 3, 4, 5. On December 23, 2013, Leventhal was charged by information in New York with wire fraud and aggravated identity theft. Dkt. 11 at USCA2 27. On December 15, 2016, Leventhal was sentenced to 36 months on the wire fraud charge and a consecutive 24 months on the aggravated identity theft charge, for a total term of incarceration of 60 months, to be followed by 4 years supervised release, and ordered to pay restitution of $1,350,819. Dkt. 11 at USCA2 37-39.

On December 12, 2019, Leventhal began his term of supervised release, which is scheduled to end December 11, 2023. Dkt. 12. On March 4, 2020, Leventhal's supervised release was transferred to this district and assigned to this Court. Dkt. 10, 11. On May 6, 2011, the Probation Office filed a Special Report regarding a violation of conditions of supervised release by Leventhal. Dkt. 13. The Probation Officer reported that:

> On May 2, 2020, the undersigned was informed by the Grafton, Wisconsin, Police Department that the offender violated a Court Order by contacting his ex-wife via email and by mailing her a gift card. There is currently an active arrest warrant for the offender out of Ozaukee County, Wisconsin for Violation of a Restraining Order under docket number 2019 CM000312. The offender is aware of this Restraining Order and active warrant and does not intend to surrender.
>
> In response to the above listed information, a violation conference was held on May 6, 2020, via telephone conversation with this writer. Mr. Leventhal admitted to contacting his ex-wife via email. Mr. Leventhal understands that this type of behavior is not acceptable. Mr. Leventhal's current situation and the specific behavior described above were focused on in detail. In response to this violation, short-term and long-term consequences of engaging in this type of behavior were discussed and Mr. Leventhal appears to understand the importance of being more mindful in the future. In addition, Mr. Leventhal has agreed to participate in mental health counseling to help better cope with being unable to see his adult daughter due to a restraining order against him. Mr. Leventhal has been strongly encouraged to strategize with his treatment provider a better way to handle this current situation and to come up with a plan of action so this can be used in the future to prevent new violation behavior.

The next day, the Probation Officer filed a second Special Report with this Court. Dkt. 14. The Probation Officer advised this Court that:

> On May 7, 2020, Mr. Leventhal stated he filed a pro se motion for early termination of his Supervised Release. Mr. Leventhal began his term of supervision on December 12, 2019. Under 18 U.S.C. section 3564(c) and 3583(e)(1), the court may terminate terms of supervised release or probation in felony cases after the expiration

2

of one year of supervision if satisfied that such action is warranted by the conduct of an offender and is in the interest of justice. Based on the above related information, the Probation office objects to this motion as Mr. Leventhal has not completed a year of his supervised release. Furthermore, on May 6, 2020, a special report was sent to Your Honor reporting that the offender violated a court order in Wisconsin by contacting his ex-wife.

The Probation office is working with Mr. Leventhal and providing resources so that he may not only be successful while on supervision but beyond.

On May 11, 2020, defendant Leventhal filed a *pro se* petition for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). Dkt. 15.[1] That provision allows a court to terminate terms of supervised release in felony cases after the expiration of one year of supervision if satisfied that such action is warranted by the conduct of an offender and is in the interest of justice, as pointed out by the Probation Officer in his May 7, 2020 Special Report. On May 13, 2020, this Court ordered the government to respond to Leventhal's petition. Dkt. 17.

## II. Argument

The government objects to Leventhal's request for early termination of his supervised release, for the same reason the Probation Officer did in his May 7 Special Report—Leventhal has not completed a year of his supervised release and has violated a court order in Wisconsin by contacting his ex-wife.

In addition to not complying with the one-year time provision in § 3583(e)(1), Leventhal's behavior does not warrant early termination of his supervised release.

---

[1] Leventhal's motion cited § 3583(e)(2)(1), but there is no such provision in § 3583. Moreover, § 3583(e)(2) deals with extending a term of supervised release, which is clearly not what Leventhal seeks in this case.

3

The Seventh Circuit has repeatedly noted that § 3583(e) in general requires a district court to consider the factors in § 3553(a) before it can terminate, deny, or modify a term of supervised release. *United States v. Lowe*, 632 F. 3d 996, 998 (7th Cir. 2011) (reversing the denial of termination where the district court did not consider any § 3553(a) factors); *United States v. Carter,* 408 F.3d 852, 854 (7th Cir.2005) (reviewing a district court's revocation of a term of supervised release and noting: "Although the court need not make factual findings on the record for each § 3553(a) factor, the record should reveal that the court gave consideration to those factors."); *United States v. Hale,* 107 F.3d 526, 530 (7th Cir.1997) (reviewing a district court's revocation of a term of supervised release and stating: "We have ... been satisfied if the sentencing court made comments reflecting that the appropriate factors were considered."); *United States v. Nonahal,* 338 F.3d 668, 671 (7th Cir.2003) (reviewing a district court's denial of a motion to modify a term of supervised release and voicing that "we do expect district courts to provide some explanation for their decisions [when denying a defendant's petition]. In addition to other benefits, a statement of reasons from the district court facilitates meaningful review.").

In this case, the primary § 3553(a) factors that should be considered are the history and characteristics of the defendant, and the need to provide him with needed correctional treatment in the most effective manner. As described above, Leventhal deliberately failed to comply with the conditions of his supervised release by violating a court order in Wisconsin and contacting his ex-wife. Moreover, the Probation Officer strongly believes that Leventhal must participate in mental health counseling to help

better cope with being unable to see his adult daughter due to a restraining order against him. In short, Leventhal's behavior demonstrates that his supervision should not be terminated at this time. The government therefore objects to the early termination of his supervised release.

                                    Respectfully submitted,

                                    JOHN R. LAUSCH, JR.
                                  United States Attorney

By:    */s/ William R. Hogan, Jr.*
        WILLIAM R. HOGAN, JR.
        Assistant United States Attorney
        219 South Dearborn Street, Room 500
        Chicago, Illinois 60604

Dated: May 28, 2020