
FILED
5/28/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES,

    Plaintiff,

vs.

HOWARD LEVENTHAL,

    Defendant

Case No.: 13-cr-844

JUDGE ANDREA R. WOOD

# MOTION TO ENTER ORDER GRANTING PETITION FOR EARLY TERMINATION OF PROBATION

NOW COMES the Defendant, Howard E. Leventhal, a non-attorney pro se (hereinafter "Leventhal" or "Defendant") respectfully submitting this motion for entry of order **granting Petition for Early Termination of Probation** pursuant to 18 U.S.C. § 3583(e)(2)(1). In support of this motion, Defendant states as follows:

1. On May 13, 2020 this court entered its order, Doc #17, directing the Government to respond to Defendant's pending Petition for Early Termination of Probation pursuant to 18 U.S.C. § 3583(e)(2)(1) ("Petition") by May 27, 2020. As of 4:12AM on May 28, 2020 no Government response had been served upon the Defendant electronically nor does the court's ECF system reflect filing of any response by the Government.

2. Although this matter is governed by the Fed R Crim. Proc., it should reasonably be deemed to have characteristics of both a civil and criminal matter under these circumstances, long after prison time has been served. "Undenied allegations are deemed admitted," see Fed. R.

JUDGE ANDREA R. WOOD - 1

Civ. P. 8(b)(1). "Matters of aggravation must be denied or they are deemed admitted" see Cyclopedia of Law and Procedure, Volume 3, edited by William Mack and Howard Pervear Nash. See also "Undenied allegations will be deemed to be admitted," id, citing *Whitmore v. J. Jungman, Inc.*, 129 NYS 776, 777 (S.Ct., NY Co. 1911). Under common law, "material allegation not traversed is admitted," see *Bauman v Chambers*, 91 Tex 108, 41 SW 471.

3. In the very least, the Government has admitted:

    a) Defendant's relationship with his daughter was deliberately destroyed as a "collateral consequence" of this proceeding; and

    b) Not one of the medical procedures prescribed as essential care[1] for the Defendant while in custody - as predicate to the incarceratory time duration of sentencing – were carried out while Defendant was in custody of the Department of Justice; and

    c) Defendant has been forced to endure physical and emotional pain and suffering as result of a) and b) above, to a far greater extent than common to other defendants normally incident to prison life; and

    d) Such neglect constitutes an unwarranted sentencing disparity, to say the very least; and

    e) Defendant has served a term of home confinement; and

---

[1] See letter from the Government's own expert witness Dr Andrew Albert under "Chicago Gastro" letterhead, dated July 31, 2015, Exhibit E to Petition. See also the prescient letter from former BOP Assistant Director Philip Wise (Exhibit E), ignored by the court and Government, which provides a near perfect forecast of how medical care was in fact denied to Defendant while in custody and the now-realized effects upon the Defendant.

JUDGE ANDREA R. WOOD - 2

f) The commencement date of supervision of the Defendant post-release by U.S. Probation was June 10, 2019.

4. The court in *United States v. Schuster*, No. 01 CR. 67, 2002 WL 31098493 (S.D.N.Y. Sept. 19, 2002) granted early termination of probation where the defendant completed a term of home confinement and <u>suffered significant collateral consequences as a result of his conviction</u>). See also *United States v. Nelson*, No. 09-CR-108, at *6 (E.D. Wis. Aug. 16, 2012). The outcomes asserted and undenied by the Government pursuant to Defendant's pending Petition for Early Termination are no less severe or impactful than those in *Schuster* or *Nelson*.

5. 18 U.S.C. § 3583(e)(2)(1) authorizes the court to grant the relief requested in Defendant's pending Petition.

6. The Government has also not denied that as a consequence of the unforeseen Covid-19 pandemic, compassionate release cases in the U.S. Probation office for the Northern District of Illinois have increased, over-burdening probation officers with a caseload that is above normal, while officers are required to operate from their homes, without access to the normal machinery of official facilities. In cases of those ex-offenders deemed highly prone to recidivism, these overcapacity circumstances represent an extraordinary public safety risk, particularly in the case of sex offenders, violent offenders, repeat offenders, drug offenders and youthful probationers unable to find work in the current environment. Mr. Leventhal fits none of these descriptions. At 63 years of age and without a single prior federal, state or local offense Mr. Leventhal receives retirement income. He has undertaken the markedly pro-social course of being admitted as a freshman - at this advanced age - to two institutions of higher learning for ultimate purposes of teaching young people to fly and applying official credentials to his lifetime passion for aviation.

He is under no extraordinary financial distress and is in the lowest measured range for likelihood of recidivism.

7. The Government has also not denied that the probation environment creates a severe, onerous and unwarranted disadvantage to Mr. Leventhal with respect to hotly contested ongoing legal matters in Wisconsin relating to contact between the Defendant and his daughter. The Government has also not denied that this dynamic works upon the Defendant to deny his civil rights groundlessly and to deny a father to Mr. Leventhal's daughter. None of these above described outcomes of these proceedings are prescribed by the statutes under which Leventhal was prosecuted. Said statutes mandate time in prison and orders for monetary fines and/or restitution, nothing more.

8. 18 U.S.C. § 3583 (e) MODIFICATION OF CONDITIONS OR REVOCATION.-The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)-(1) terminate a term of supervised release and discharge the defendant released at any time <u>after the expiration of one year of supervised release</u>, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

9. The first exercise of supervision and jurisdiction of the Probation office over Mr. Leventhal by U.S. Probation Officer Ronald Jacobs took place on Monday June 10, 2019. Mr. Leventhal was discharged from incarceration at FPC Duluth on April 23, 2019. He was transferred to home confinement on May 13, 2019. Supervised release began on June 10, 2019 and one year afterward expires on June 10, 2020, the termination date sought hereunder.

10. As to any request by the Government for additional time to respond to the pending Petition (none visible on PACER as of this writing), every minute of every day of the ongoing blockade deliberately created by the Government between Defendant and his daughter represents a Government-designed, eternally irreparable rupture of two of the most fundamental, foundational precepts of a civilized society – the role parents play in bringing their children to self-sustainment in adult society and the role children play in their parents' emotional well-being. Although Mr. Leventhal's daughter is now legally deemed to be an adult, she is not yet 20 years old. She occupies a certain segment of the spectrum of her lifetime when young women commonly are most prone to the greatest risk of harmful victimization and a father could not be more valuable or imperative. The Government has intentionally disrupted this young woman's maturation long enough and has no place or authority to continue doing so – even one more day. Both Leventhal and his daughter will be prejudiced irreparably by grant of any additional time for the Government to respond.

    **NOW THEREFORE** for the causes stated above and in the associated filings, the undersigned urgently and respectfully moves this honorable court to enter the attached proposed order terminating probation, with prejudice.

Respectfully submitted,
**DEFENDANT PRO SE**

_____ Date: May 28, 2020
Howard Leventhal
1205 Prairie Brook Dr D1
Palatine, IL 60074
Ph 262-997-8570
Email: HLEV3@AOL.COM

JUDGE ANDREA R. WOOD - 5

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES,

    Plaintiff,

vs.

HOWARD LEVENTHAL,

    Defendant

Case No.: 13-cr-844

JUDGE ANDREA R. WOOD

## ORDER TERMINATING PROBATION WITH PREJUDICE

Pursuant to 18 U.S.C. § 3583(e)(2)(1) the court orders as follows:

1. The court finds that Supervised Release in this matter commenced on June 10, 2019; and that the interests of justice are served best by terminating supervised release as of the June 10, 2020 anniversary date, however;

2. The Defendant although strictly in compliance with restitution terms, in absolute terms has made an insignificant contribution to restitution, therefore: No later than thirty days after entry of this order, the Government and Defendant shall provide this court with an agreed order for court endorsement establishing a contract under civil law, for the Defendant to continue paying 10% of his income for 10 years following entry of this order;

3. Now therefore Defendant's probation period is hereby terminated effective June 10, 2020 reversible only if the court finds that the Defendant fails to cooperate with the Government or enter into an agreement reasonably in accordance with paragraph 2 above within 60 days of this order.

    SO ORDERED,

    **UNITED STATES DISTRICT COURT**

_____

    Andrea R. Wood, Judge          Date: _____2020

JUDGE ANDREA R. WOOD - 6

May 28, 2020

Clerk of Court
United States District Court
Northern District of Illinois
219 S. Dearborn
Chicago, IL 60604

Howard Leventhal
1205 Prairie Brook Dr D1
Palatine, IL 60074
ph 262-997-8570
email: HLEV3@AOL.com

13-cr-844 U.S. v. Leventhal

NOTICE OF MOTION FILING

Dated May 28, 2020

Please file enclosed in the captioned matter.

Thank you.


Defendant pro se

*[signature]*

Howard Leventhal