**FILED** MP
12/30/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES, | |
| Plaintiff, | |
| vs. | Case No.: 13-cr-844 |
| HOWARD LEVENTHAL, | |
| Defendant | JUDGE ANDREA R. WOOD |

## MOTION TO QUASH SUBPOENAS AND FOR INJUNCTIVE RELIEF

NOW COMES DEFENDANT Howard Leventhal, a non-attorney acting pro se hereby respectfully submitting this Motion to Quash Subpoenas and For Preliminary and Permanent Injunctions and Other Relief. In support of this motion, Leventhal states as follows:

1.      On December 3, 2020 this court kindly and mercifully discharged Defendant Howard Leventhal in this matter, thereby terminating Supervised Release under 18 U.S.C. § 3583(e)(1). In so doing the court also terminated the United States' Department of Justice ("DOJ") criminal jurisdiction over the Defendant in this matter; except to the extent that the DOJ may retain a contingent right to file a civil complaint against the Defendant for restitution in this matter. Notice of no such civil complaint has been served on this defendant and this court has neither issued any garnishment order nor authorized any ancillary collection proceedings in this matter.

2.      On Dec 16, 2020 the Gov't issued two subpoenas upon various financial institutions making reference to this matter, bound together as Exhibit A and attached hereto.

3.      Pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3556 and 3664, the Government may seek to collect restitution from the defendant, using procedures

JUDGE ANDREA R. WOOD - 1

established by the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 et seq. The United States Court of Appeals for the First Circuit has held that the Federal Debt Collection Procedures Act is not available to the government when, as here, it seeks to collect restitution owed to a private victim. *United States v. Bonaiorno*, 106 F.3d 1027 (1st Cir. 1998); see *United States v. Rostoff*, 164 F.3d 63 (1st Cir. 1999); *United States v. Timiltv*, 148 F.3d 1 (1st Cir. 1998).

4.      In *Bonaiorno*, the court of appeals determined that: . . . Other types of restitution, which, when paid, will not increase public revenues (say, restitution to an individual victim of a crime), do not come within the [FDCPA's] statutory encincture.  In short, we cannot isolate a single word — "restitution" — and conclude that every order bearing that label automatically falls within the FDCPA's grasp. The federal government may collect under the FDCPA only restitution that is "owing to the United States." 28 U.S.C. § 3002 (3). The United States does not appear as a debtor of the Defendant in the Judgment of Conviction in this matter or any other item in the record of this matter, to movant's knowledge. Bonaiorno, 106 F.3d at 1039.

5.      Here, as in *Bonaiorno*, the restitution debt is not owed to the United States, but to private parties. It follows that under precedent, this defendant's restitution debt cannot be collected by the government via the FDCPA. In this circuit, under *U.S.A. v. Kollintzas,* 501 F.3d 796 (7th Cir. 2007) the court found that the Government must initiate some sort of ancillary garnishment proceeding. None has been commenced here in any form or manner yet the first step to garnishment has been initiated. 28 U.S.C. § 3202(c) states: (c) Service. A copy of the notice and a copy of the application for granting a remedy under this subchapter shall be served by counsel for the United States on the judgment debtor against whom such remedy is sought and on each person whom the United States, after diligent inquiry, has reasonable cause to believe

JUDGE ANDREA R. WOOD - 2

has an interest in property to which the remedy is directed. No application for such remedy has been made by the Government. Its acts to issue subpoenas are neither proper nor authorized under applicable law,

6.      Under *Vitek*, 151 F.3d at 586: "The United States always gets to litigate in its own courts. See18 U.S.C. § 3231, 28 U.S.C. § 1345. Any effort to collect a debt **<u>due to the United States</u>** presents a claim under federal law. . . .". *U.S.A. v. Kollintzas*, 501 F.3d 796, 801 (7th Cir. 2007). Leventhal has been discharged. His duties under terms of Supervised Release no longer apply. Leventhal no longer owes any money to the Government. Within his filings in his two motions for early termination of supervised release he acknowledged his debt to the victims as rightful debt as well as his intention to pay to the reasonable extent of his ability. The United States is no longer a party to this instant matter unless it attempts to become a party again by authorized procedures which have not been undertaken. Its issuance of subpoenas to anybody at this point pursuant to this matter is improper. If the Government wanted to issue subpoenas it should have done so before Leventhal was discharged. The time for doing so has expired and the Exhibit A subpoenas should be quashed.

7.      A subpoena must be quashed when, *inter alia*, it will result in the disclosure of matter that is privileged or otherwise protected (provided that no exception to or waiver of the protection exists) or when compliance with it would impose an undue burden upon the subpoenaed party. Fed.R.Civ.P. 45(c)(3)(A)(iii), (iv). *Wilson v. O'Brien*, 07 C 3994, at *3-4 (N.D. Ill. Apr. 6, 2010). Rule 45(c)(3)(A) states that the court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter" or if it "subjects a person to undue burden." The party seeking to quash a subpoena has the burden of demonstrating that it meets these requirements. See *Pacific Century Int'l, Ltd. v. Does* 1-37, __ F.Supp.2d __, 2012

WL 1072312, at *2 (N.D. Ill. March 30, 2012). *Hard Drive Prods. v. Does* 1-48, 11 CV 9062, at *4 (N.D. Ill. June 14, 2012). The subpoenas subject of this motion are certain to subject this Defendant to numerous undue burdens including but not limited to: diminishing Leventhal's standing as a customer of the subject financial institutions, diminishing Leventhal's credit rating which will be essential for him to obtain permanent housing, distracting Leventhal from caring for his 95 year old mother, who is now gravely ill and in the final weeks of life and distracting Leventhal from acting upon various employment and business opportunities which will or might, among other things, serve the interests of the victims – whom the Government actors who have initiated these subpoenas could not care less about. Moreover, given that individuals who have been sued by Leventhal in Cook County court (Exhibit B) are intimately intertwined with the DOJ and US Probation through daily interaction in this district – it is without question that the information requested in the subject subpoenas will be used in some way to debilitate and intimidate Leventhal's pursuit of rightful remedies in the Exhibit B lawsuit – a certain motive and wholly improper motive for issuance of these subject subpoenas. On an overarching level, the subpoenas subject Leventhal to unwarranted deleterious effects upon his constitutional right to privacy.

8.     The right to privacy is not terminated by conviction for a crime. Despite the many invasions of that right that are inherent in the fact of incarceration, or even of probation, convicted persons retain "some constitutional right to privacy." *Torres v. Wisconsin Department of Health Social Services*, 838 F.2d 944, 951 (7th Cir. 1988) (holding that female inmates' constitutional right to privacy did not conflict with employment rights of male correctional officers, given the procedures already in place and available to protect the inmates' privacy interests); *Kimberlin v. United States Department of Justice*,788 F.2d at 439 n. 6. *Woods v.*

JUDGE ANDREA R. WOOD - 4

*White*, 689 F. Supp. 874, 876-77 (W.D. Wis. 1988). The subject subpoenas are frivolous, unduly abusive and intended by the issuers to violate Leventhal's right to privacy for frivolous causes. The record in this matter is replete with similar abuses by various individuals in Government employ since the inception of this matter and the subject instant subpoenas are more of the same. In fact:

## SUBPOENAS ARE ACTS OF RETALIATION AND INTIMIDATION

9.      On December 15, 2020 Defendant Leventhal filed a civil RICO Act complaint in state court against various defendants including a former DOJ employee and two staff members of United States Probation in the Northern District of Illinois, see first page of complaint attached hereto as Exhibit B. This complaint alleges outlandish acts of obstruction of justice, perjury and subornation of perjury which have been carried out pursuant to this matter over a long series of instances beginning in 2013 in the Eastern District of New York, up through and including December 2020 in this district and in Wisconsin.

10.      The actual motive, cause and trigger for the subject subpoenas – which were issued ONE DAY AFTER PROBATION WAS SERVED ELECTRONICALLY with notice of filing of the RICO Act lawsuit – is to retaliate and intimidate Leventhal to dismiss the RICO Act complaint and "stop poking the bear," an admonition used by each and every one of the Probation officers assigned to Leventhal in this matter. These reprehensible people are of character unsuitable to exert any governmental power. Moreover they expect the court to allow them to proceed to violate any right of any defendant and abuse such people in any way or manner that they fancy – as they have in Leventhal's case.

11.    Parties may obtain discovery regarding any matter, not privileged, which is relevant to

the claim or defense of any party. At the same time, however, under Rule 26(c), the court may

enter an order " for good cause shown ... to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense ...." This puts the burden on the party

seeking the protective order to show some plainly adequate reason for its issuance. *Jepson, Inc.

v. Makita Elec. Works, Ltd.*,30 F.3d 854, 858 (7th Cir.1994); 8 C. Wright & A. Miller, Federal

Practice and Procedure § 2035, p. 265 (1970). *Hodgdon v. Northwestern University*, 245 F.R.D.

337, 341 (N.D. Ill. 2007). The United States is no longer a party and is without standing to issue

the subject subpoenas.

12.    Under Illinois law (forum in which the Exhibit B RICO Act lawsuit is filed) intimidating

witnesses is a felony, see 720 ILCS 5/32-4a(a)(2) (West 2014)). Intimidation by itself is also a

felony, see 720 ILCS 5/12-6(a)(1) (West 2014)). *People v. Bell*, 2018 Ill. App. 160925 (Ill. App.

Ct. 2018). There is no motive for issuance of the subject subpoenas except to intimidate

Leventhal and enable certain DOJ and Probation staff to commit felonies under color of the

authority improvidently allowed to them by the Government.

13.    Leventhal departed the Salvation Army Halfway House in Chicago on May 13, 2020 in a

driving rainstorm and boarded the CTA for his aged mother's suburban home, carrying two

waterlogged garbage bags containing all his earthly possessions. Approximately 583 days passed

between his release to the community and the date on which the Government issued the subject

subpoenas. The Government could have issued subpoenas at any time until this court discharged

Leventhal on December 3, 2020 after it (the Gov't) was on notice of Leventhal's wish for early

termination on file in this matter for the prior six months. What triggered the subject subpoenas?

The individuals employed by the Gov't seeking some manner of dissuading Leventhal from pursuing civil litigation against them for rightful causes.

14.     Leventhal stated in this matter and in various statements to Probation over and over again since being released that he receives Social Security, has received minimal part time income, care-gives his 95-year old mother (now gravely ill and in the final weeks of life) and effectively made it clear that pursuing collection procedures against him is a waste of time. Had there been any reason for the subject subpoenas outside of harassment and intimidation – the Gov't has had plenty of notice and time to forward any rightful, proper collection processes or procedures. The subject subpoenas are abusive, placing an undue burden upon Leventhal, stand to further unduly and outrageously injure Leventhal and should be quashed.

15.     The gov't actors who seek to obtain the information subject of the subpoenas are untrustworthy, irresponsible and stupid in an unqualified way. These same individuals issued a "terrorism" lien upon the title to the rental house in which Leventhal was living on the day of his arrest, without first conducting any due diligence which would have revealed that there was no preexisting relationship between Leventhal and his landlord and only ordinary, market-rate rental payments were made by Leventhal. There is no limit to imagining what ways in which allowing these actors to have the information they seek, will be used and abused to further harm Leventhal. However,

16.     If the court wishes to review the requested information *in camera*, on an *ex parte* basis and then determine if any of the subject information merits transmission to the DOJ, Leventhal would not object. In any event the said subpoenas must be quashed.

# MOTION FOR INJUNCTIVE RELIEF

1.      The record in this matter, especially Leventhal's two motions for early termination as well as recent motions filed for sanctions and adjudication of criminal contempt against certain gov't actors, working either on behalf of the DOJ or on behalf of this court (in the case of Probation officers) – is replete with acts of outlandish misconduct by the same people who have now threatened and intimidated Leventhal with the subject subpoenas. Leventhal has been harmed excessively to the ends of the earth in this matter and such harm must be either brought to an end or in the very least, be subject to review by this court before allowed to continue *ad infinitum ad nauseum* as it has. Injunctive relief is called-for.

2.      The existence of a cause of action for injunctive relief directly under the Fourteenth Amendment has in fact long been accepted without discussion. *Takahashi v. Fish and Game Com'n.*,334 U.S. 410, 68 S.Ct. 1138, 92 L.Ed. 1478; *Loving v. Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010. Justice Harlan, concurring in Bivens, spoke of "the presumed availability of federal equitable relief against threatened invasions of constitutional interests." 403 U.S. at 404, 91 S.Ct. at 2008. It is only since *Bruno* and *Bivens*, however, that courts have regularly applied the Fourteenth Amendment cause of action to (government actors), and recognized the availability of relief in damages as the logical corollary to equitable relief, see *Williams v. Brown*, 398 F. Supp. 155, 157 n.1 (N.D. Ill. 1975).

3.      The Government, in its failure to deny any of the factual allegations as to its various acts to deny Leventhal's 14th Amendment and other constitutional rights (as alleged in Leventhal's two motions for early probation termination), has admitted to such denials. It is clear and certain they will continue – because in their hubris-afflicted, ignorant and arrogant world view, they somehow believe they will be allowed to continue. They must be stopped.

4.     Defendant requests that the court issue preliminary and permanent injunctions barring the Government any and all individuals employed by the government connected in any and every way to this matter, from pursuing debt collection and any and all other injurious behavior against Defendant Leventhal.

## CONCLUSION

1.     In Ancient Greece, the penalty for hubris was death. Sadly, this remedy is no longer available. Leventhal has been abused beyond all conceivable justification in this matter by an endless procession of hubris-infected current and former public servants who excused their actions as "just doing my job," or "it was only a coincidence." The number of coincidences and "just doing my jobses" in this matter boggles the mind.

2.     Leventhal merited a certain limited amount of time in prison for his admitted criminal acts. He is a social security recipient caregiving an aged relative at end of life and under a great deal of distress for these as well as other reasons which have been placed in the record of this matter. It is time to make certain that he is just left alone.

## PRAYER

NOW THEREFORE Defendant Howard Leventhal respectfully requests orders of this court as follows:

    1.   Quashing the Exhibit A subpoenas; and

    2.   Requiring that the DOJ shall first seek and then obtain permission from this court before commencing any follow-on ancillary action in this matter of any kind; and

3. Entering a preliminary and permanent injunction barring the DOJ and US Probation and any and all current and former employees of same from taking any action relating to this matter in any and every way, except appearing as defendants and carrying out their obligations as witnesses in the Exhibit B Cook County proceedings; and

4. Any and all other relief that this court deems fit and proper under the circumstances.

RESPECTFULLY SUBMITTED,

Howard Leventhal
Defendant *pro se*

Date: December 30, 2020

# EXHIBIT A

**Subpoena Binder**



**WELLS FARGO**

December 21, 2020

HOWARD E LEVENTHAL
1205 E PRAIRIE BROOK DR APT D1
PALATINE IL 60074-3170

Subject: Legal order to release Wells Fargo records

Agency reference number: 13CR844
Bank reference number: 24539054

Dear HOWARD E LEVENTHAL

We want to let you know that we received a legal order from United States Attorney's Office which requires us to provide them with a copy of the requested records **by January 15, 2021.**

If you'd like to take any action related to this legal order, we recommend you contact an advisor of your choice, such an attorney, for guidance as soon as possible; Wells Fargo cannot advise you in this matter.

**If you have questions**
- For questions about the legal order, we suggest you contact the requesting party directly in either of the following ways.
  - **By phone:** (312) 469-6298
  - **Mail to:**
    United States Attorney's Office
    Scott D Heffron
    219 S Dearborn Street
    5th Floor
    Chicago IL 60604
- For questions regarding this letter or to receive a copy of the legal order, call us at (480)724-2000, Monday – Friday, 8:00 a.m. to 8:00 p.m. Eastern Time.

Thank you.

Sincerely,

*LeAnne Heitkemper*

LeAnne Heitkemper
Operations Manager
Summons and Subpoenas Department



*Financial Litigation Unit*            *Dirksen Federal Courthouse*            *Phone: (312) 469-6298*
                                       *219 South Dearborn Street, Fifth Floor*   *Fax: (312) 886-3501*
                                       *Chicago, Illinois 60604*

Credit One Bank
6801 S. Cimarron Road
Las Vegas, NV 89113

      Re:   *United States v. Howard Leventhal*, No. 13 CR 844 (N.D. Ill.)

To Whom It May Concern:

      The attached subpoena is being issued pursuant to the Federal Debt Collection Procedures Act (28 U.S.C. § 3004(b)). When collecting a debt, this Act allows the United States to serve a Rule 45 subpoena nationwide. Additionally, the United States is not required to comply with the Right to Financial Privacy Act when it is seeking information regarding a named party to litigation. 12 U.S.C. § 3413(e).

      If you should have any questions regarding the subpoena, please contact Financial Litigation Agent, Kathryn Arteese, at (312) 886-3355 prior to the return date on the subpoena.

                    Very truly yours,

                    JOHN R. LAUSCH, Jr.
                    United States Attorney

                    *Mandy L Lyon*

            By:
                    MANDY LYON
                    Legal Assistant

cc:    Howard Leventhal (*with enclosure*)

# UNITED STATES DISTRICT COURT
for the

## Northern District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Case No. 13 CR 844 |
| | ) | |
| HOWARD LEVENTHAL | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL* ACTION
*(See 18 U.S.C. 3613)

To: Credit One Bank, 6801 S. Cimarron Road, Las Vegas, NV 89113

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: *See attached Rider.*

IN LIEU OF AN IN PERSON APPEARANCE, YOU MAY, PRIOR TO THE RETURN DATE, MAIL THE RESPONSIVE DOCUMENTS TO THE ADDRESS LISTED BELOW ALONG WITH (1) A **COPY OF THIS SUBPOENA AND (2) A COMPLETED DECLARATION OF CUSTODIAN OF RECORDS.**

| Place: United States Attorney's Office<br>219 S. Dearborn, 5th Floor<br>Chicago, Illinois 60604<br>Attention: Financial Litigation Unit | Date and Time:<br>**January 15, 2021 at 9:30 a.m.** |
|---|---|

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

Please note that the provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 12.16.2020

*Scott D. Heffron*

*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing the United States of America, who issues or requests this subpoena, is : Scott D. Heffron, Assistant United States Attorney, United States Attorney's Office, 219 S. Dearborn, Chicago, Illinois 60604, scott.heffron@usdoj.gov, 312-469-6298.

Case No. 13 CR 844

# PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

Mandy Lyon, Legal Assistant
*Printed name and title*

United States Attorney's Office
219 S. Dearborn, 5th Floor
Chicago, Illinois 60604
*Server's address*

## Federal Rule of Civil Procedure 45 (d), (e), and (g) (Effective 12/1/13)

Additional information regarding attempted service, etc:

**(d) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required–and also, after a motion is transferred, the issuing court–may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

RIDER TO SUBPOENA SERVED ON EDIT
IN UNITED STATES v. HOWARD LEVENTHAL
SSN 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, CASE NO. 13 CR 844

The judgment debtor is Howard Leventhal. Produce all documents and things in your possession or control as they relate to the property, income, or assets of the judgment debtor for the three-year period preceding the return date listed on the Subpoena including, but not limited to:

1.      All records pertaining to open and closed accounts of the judgment debtor, bearing the signatory authority of and/or in the name of the judgment debtor, whether held jointly or individually, including but not limited to:

        A.      Records of any credit card(s) issued to the judgment debtor, including the application, signature card, credit or background investigations conducted, correspondence, and monthly billing statements for the past three years.

        B.      All documents (bank checks, personal checks, money orders, wire transfers, online transfers, etc.) reflecting payments on the account.



**U.S. Department of Justice**

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| *Financial Litigation Unit* | *Dirksen Federal Courthouse*<br>*219 South Dearborn Street, Fifth Floor*<br>*Chicago, Illinois 60604* | *Phone: (312) 469-6298*<br>*Fax: (312) 886-3501* |

Wells Fargo Bank
c/o Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

      Re:   *United States v. Howard Leventhal*, No. 13 CR 844 (N.D. Ill.)

To Whom It May Concern:

      The attached subpoena is being issued pursuant to the Federal Debt Collection Procedures Act (28 U.S.C. § 3004(b)). When collecting a debt, this Act allows the United States to serve a Rule 45 subpoena nationwide. Additionally, the United States is not required to comply with the Right to Financial Privacy Act when it is seeking information regarding a named party to litigation. 12 U.S.C. § 3413(e).

      If you should have any questions regarding the subpoena, please contact Financial Litigation Agent, Kathryn Arteese, at (312) 886-3355 prior to the return date on the subpoena.

                  Very truly yours,

                  JOHN R. LAUSCH, Jr.
                  United States Attorney

                  *Mandy L Lyon*

             By:
                  MANDY LYON
                  Legal Assistant

cc:    Howard Leventhal (*with enclosure*)

# UNITED STATES DISTRICT COURT

for the

### Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | )    Case No. 13 CR 844 |
| HOWARD LEVENTHAL | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL* ACTION

*(See 18 U.S.C. 3613)

To: Wells Fargo Bank, c/o Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: *See attached Rider.*

IN LIEU OF AN IN PERSON APPEARANCE, YOU MAY, PRIOR TO THE RETURN DATE, MAIL THE RESPONSIVE DOCUMENTS TO THE ADDRESS LISTED BELOW ALONG WITH (1) A **COPY OF THIS SUBPOENA AND (2) A COMPLETED DECLARATION OF CUSTODIAN OF RECORDS.**

| Place: United States Attorney's Office<br>219 S. Dearborn, 5th Floor<br>Chicago, Illinois 60604<br>Attention: Financial Litigation Unit | Date and Time:<br>**January 15, 2021 at 9:30 a.m.** |
|---|---|

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

Please note that the provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _12.16.2020_      *Scott D. Heffron*

                 *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing the United States of America, who issues or requests this subpoena, is : Scott D. Heffron, Assistant United States Attorney, United States Attorney's Office, 219 S. Dearborn, Chicago, Illinois 60604, scott.heffron@usdoj.gov, 312-469-6298.

Case No. 13 CR 844

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

Mandy Lyon, Legal Assistant
*Printed name and title*

United States Attorney's Office
219 S. Dearborn, 5ᵗʰ Floor
Chicago, Illinois 60604
*Server's address*

## Federal Rule of Civil Procedure 45 (d), (e), and (g) (Effective 12/1/13)

Additional information regarding attempted service, etc:

**(d) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required–and also, after a motion is transferred, the issuing court–may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

The judgment debtor is Howard Leventhal. Produce all documents and things in your possession or control as they relate to the property, income, or assets of the judgment debtor for the three-year period preceding the return date listed on the Subpoena including, but not limited to:

1.  All records pertaining to open and closed accounts of the judgment debtor, bearing the signatory authority of and/or in the name of the judgment debtor, whether held jointly or individually, including but not limited to:

A.  Records of any credit card(s) issued to the judgment debtor, including the application, signature card, credit or background investigations conducted, correspondence, and monthly billing statements for the past three years.

B.  All documents (bank checks, personal checks, money orders, wire transfers, online transfers, etc.) reflecting payments on the account.

# EXHIBIT B

**First page of Cook County lawsuit**

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
12/15/2020 4:11 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 12/15/2020 4:11 AM   2020L062057

**12-Person Jury**

1

2

**IN THE CIRCUIT COURT OF COOK COUNTY
DISTRICT 2, SKOKIE, ILLLINOIS**

3

4

HOWARD LEVENTHAL,

        Plaintiff,

5

vs.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

MARY HANDELAND,
NOAH EERNISSE,
MICHELLE ESPINOSA,
REPUBLICAN PARTY OF OZAUKEE COUNTY,
WINSTON M. PAES,
STEVE ZISSOU,
SALLY BUTLER,
JOE HORNING,
THOMAS W. VINSON,
ANDREA R. VINSON,
KATHY BROGHAMMER,
DAN EASTMAN,
RICK STERNHAGEN,
CARI ANNE MIHALKO,
EMMETT GRISSOM,
ADAM GEROL,
JEFFREY SISLEY,
LORRAINE MARX,
CHRISTINE KLOTZ,
ROBERT OLMR,
PAUL MALLOY,
STEVEN CAIN,
MARY LOU MUELLER,
ROBIN KELLER,
MIGUEL A. ZALDIVAR, JR.
BARRY BOLINE,
JOHN R. STORCK,
MICHELLE ESPINOSA,
MARCUS HOLMES,
RONALD JACOBS,
PETER GOLDSMITH, and
UNNAMED CO-CONSPIRATORS

        Defendants

11493534

Case No.: _____ 2020L062057 _____

COMPLAINT

Amount Claimed: $500 Million

Jury Demand

**Civil RICO Act Claim**

23

24

25

**COMPLAINT UNDER RACKETEER INFLUENCED CORRUPT ORGANIZATIONS
ACT, 18 U.S. CODE § 1961 ET SEQ., FOR CIVIL REMEDIES AND OTHER RELIEF**

26

27

28

    **NOW COMES PLAINTIFF** Howard E. Leventhal, a non-attorney acting *pro se*, hereby

respectfully submitting this Complaint against Defendants Mary Handeland, Noah Eernisse,