FILED
1/8/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
TL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES,

    Plaintiff,

vs.

HOWARD LEVENTHAL,

    Defendant

Case No.: 13-cr-844

JUDGE ANDREA R. WOOD

**Memorandum of Law Regarding Applicability of Rooker-Feldman Doctrine**

NOW COMES DEFENDANT Howard Leventhal a non-attorney *pro se*, hereby respectfully submitting this Memorandum of Law Regarding applicability of the Rooker-Feldman doctrine as to Plaintiff's pending motion to reconsider, in further support of Defendant's Motion to Dismiss, Dkt # 49.  In support of this submission, Defendant states as follows:

1.    "The Government" makes it abundantly clear in its Motion to Reconsider, Dkt #46 (the "MTR") that the MTR, filed on January 4, 2020 was triggered by (among other things) the filing and service of a certain state court case, *Howard Leventhal vs. Mary Handeland et al*, Case No. 2020L062057 in the Circuit Court of Cook County, Illinois, filed on December 15, 2020. Despite the false facial statements, false allegations and frivolous, irrelevant assertions in the MTR, it could not be more clear or certain that the MTR would never have been filed in the absence of the state court lawsuit filing and perhaps also, certain other filings in this matter.

2.    In actuality, what "The Government" seeks to do, is coerce this federal court to take control over the said state court matter by surreptitious means: By re-empowering defendants in

JUDGE ANDREA R. WOOD - 2

the state court matter to send the state court plaintiff back to prison for any whimsical excuse they might fancy, maneuvering and manipulating him with threats and intimidation – as is their common *modus operandi*. This sort of workaround maneuver is expressly prohibited by the Rooker-Feldman Doctrine.

3. This court, with all due respect, does not have subject matter jurisdiction to take control over state court litigation in progress. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[U]nder what has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (discussing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). "The rationale for the doctrine is that no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Sykes v. Cook Cty. Circuit Court Probate Div.*, 837 F.3d 736, 742 (7th Cir. 2016) (citing *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012)). *Andrade v. City of Hammond*, CAUSE NO.: 2:19-CV-430-TLS-JPK, at *5-6 (N.D. Ind. Mar. 6, 2020). The MTR is so outlandish it seeks to circumvent any judgment in state court by (metaphorically) providing a gun for the state court defendants to point at the head of the state court plaintiff. This court has no jurisdiction to do any such thing.

4. If the state court defendants (including close colleagues of "The Government") are of the belief that the state court matter belongs before this or any other federal court, they must file a Notice of Removal with the clerks of both the Cook County state court and whatever federal court into which they hope to remove the state court case, see 28 U.S.C. § 1446. The vast

JUDGE ANDREA R. WOOD - 3

majority of removal petitions fail under the Rooker-Feldman Doctrine however, because they are nothing more than ungrounded, frivolous attempts at abuse and harassment, just like the MTR.

5. Under the Rooker-Feldman doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments. See *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations. See *Feldman*, 460 U.S. at 482 n. 16 ("By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state-court decision in any federal court."). Rooker-Feldman, therefore, requires a party seeking review of a state court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights to pursue relief through the state court system and ultimately to the Supreme Court. See *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 701-02 (7th Cir. 1998). The doctrine stems, in part, from recognition of the fact that "a decision by a state court, however erroneous, is not itself a violation of the Constitution actionable in federal court." *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir. 1995). Because the Rooker-Feldman doctrine is jurisdictional in nature, its applicability must be determined before considering the defendants' arguments regarding the applicability of res judicata. See *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996) ("Where Rooker-Feldman applies, lower federal courts have no power to address other affirmative defenses, including res judicata."). See *Long v. Shorebank Development Corporation*, 182 F.3d 548, 554-55 (7th Cir. 1999). In this instant issue, "The Government" acts pre-emptively where neither it nor this court have any jurisdiction to do so.

JUDGE ANDREA R. WOOD - 4

6.  The Defendants in the state court matter are free at any time to seek sanctions against Leventhal for making an improper lawsuit filing (if that's what they choose to assert), to attempt removing the matter or perhaps just to deny the state court allegations, which neither any of them nor "The Government" have done yet. Their plain-as-day attempt to enlist this court and the US Attorney's office to act as their advocate by surreptitious means in an unrelated state court matter, is offensive to the court's dignity, insulting to the state court and improper.

7.  For the above stated causes as well as the additional causes stated in Defendant's Motion to Dismiss (Dkt 49), "The Government" fails to state any proper cause of action or authentic jurisdiction under which this court may grant the relief requested in the MTR and under Fed R Civ P Rules 11 and 12(b)(6) at minimum, the MTR must be dismissed.

Respectfully submitted,
Defendant pro se

_____
Howard Leventhal                    January 8, 2021

### CERTIFICATE OF SERVICE

I Howard Leventhal do hereby certify under penalty of perjury that I have filed and served this Memorandum and the prior related Motion to Dismiss to which this Memorandum refers, by the means set forth above and also that it is my understanding that all necessary parties will receive copies of same automatically in due course via this court's ECF system.

_____

JUDGE ANDREA R. WOOD - 5

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES,<br><br>          Plaintiff,<br><br>vs.<br><br>HOWARD LEVENTHAL,<br><br>          Defendant | Case No.: 13-cr-844<br><br>JUDGE ANDREA R. WOOD |

**NOTICE OF FILING**

To:     William Hogan, via email to: William.hogan@usdoj.gov

   Be advised that on this date I filed in the above captioned matter, the attached "Memorandum of Law Regarding Applicability of Rooker-Feldman Doctrine" with the clerk via its Temporary e-filing process.

   Yours truly,

   _____
   Howard Leventhal
   Defendant *pro se*

   Date: January 8, 2021

JUDGE ANDREA R. WOOD - 1