FILED
3/2/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
CL

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

UNITED STATES,

    Plaintiff,

                                       Case No.: **13-CR-844, US v. Leventhal**

                                       **JUDGE ANDREA R. WOOD**

vs.

HOWARD LEVENTHAL,

    Defendant

**EMERGENCY MOTION FOR INSTANTER EX PARTE INJUNCTION**

Now comes defendant, Howard Leventhal, a non-attorney acting pro-se for the limited purposes of this emergency motion. In support of this motion, Leventhal states as follows:

**JURISTRICTION**

1) This court has sole and superior subject matter and ancillary jurisdiction over custody of the defendant under the instant emergency facts and law, pursuant to its Article III powers under the constitution to vindicate its own ongoing jurisdiction matter. This court's juristition has been deliberately frustrated and wrongly diminished under an elaborate scheme to defraud the court as set forth below.

2) This court also has jurisdiction to proceed as requested here under 28 USC 1446, the Federal Removal Statute; 42 USE 1983 in defense of the civil rights of this defendant denied under false color of law by state authorities; under Bivens to exercise injunctive authority to remedy civil rights deprivation by federal employees; under the 8th amendment's prohibition against cruel and unusual punishment; under section 3553A to maintain the integrity of the purposes of criminal sentencing in this matter; under the

doctrine of federal supremacy; double jeopardy principals; and applicable habeas authority under Section 2254 or other variations of the Federal Habeas Corpus statutes.

## ALLEGATIONS

1) Upon information and belief, AUSA Hogan, the government's attorney in this matter has devised and executed a fraudulent scheme to deprive this court if its sole Article 3 sentencing authority, by amplifying to Hogan's satisfaction, the defendant's sentencing in this matter.  By Hogan's design intending to oppress Leventhal's right to pursue sanctions and contempt proceedings in this matter and other self-serving motives, Leventhal has been detained at Hogan's direction for nearly two months in Cook County jail.  Detention has been carried out in this absence of the Miranda warning absent of presentation to Leventhal of any charging documents whatsoever, without bail and in violation of panoply Illinois statutes limiting the detention of unindicted defendants.

2) Matters of life and death have been put at outrageous imminent risk through Hogan's covert actions.  As the record reflects Leventhal is 64 years old and afflicted with a life-threatening medical condition which was exacerbated during his Bureau of Prison confinement.  As Hogan himself has admitted at least twice by absence of denial, as a direct and proximate result of such negligence, Leventhal, has no large intestine and is suffering from rectal bleeding and ulceration of his internal surgical intestinal reconstruction.  Relief for this present condition is available only at certain advanced teaching hospitals such as University of Chicago Medical Center where Leventhal's surgery was performed.  Leventhal's life is at imminent risk of grave consequences including internal hemorrhaging bleeding out through his anus or permanent disfigurement of a colostomy bag.

    On February 28, 2021 Leventhal was transported from the Cook County jail to Stroger Hospital.  He was complaining of symptoms of conjunctivitis and rectal bleeding.  After eleven hours he was provided with eye drops and returned to the Cook County jail without any other treatment.  This event makes clear the emergency nature of this motion.

3) Hogan's actions have placed at needless risk, payment of restitution owed to the victims in this matter in excess of $1.3 million dollars.  After 18 months of painstaking effort, Leventhal was awarded a software development contract by a governmental agency.  Said contract has been validated by attorney Quinn Michaelis.  This contract stands to bring a hefty five figure payment to the victims.  Without it the victims are unlikely to ever receive anything more than pennies from

Leventhal. Leventhal's fraudulent detention has put this contract, already in default, at imminent risk of cancellation.

4) As this court is aware Leventhal's 96-year-old mother Lila is at end of life in a nursing home. The callousness and cruelty involved in isolating a dying woman from her son for self-serving purposes are simultaneously shocking to the conscience and characteristic of Hogan, who has a decades long record of disbarment, witness tampering and termination by his current employer. The timetable is illuminating:

5) On December 03, 2020, this court entered its discharge order in this matter. On December 15, 2020 Leventhal filed a 19-count civil RICO Act lawsuit against a number of Hogan's DOJ and Probation colleagues as well as various Wisconsin parties personally including Ozaukee County District Attorney Adam Gerol, issuer of the Hogan-designed "felony" warrant. On January 03, 2021 Hogan filed his preposterously groundless motion to vacate this court's discharge order. Leventhal then filed several responses including a motion for criminal contempt, a motion for sanctions vs. various Hogan colleagues, as well as Wisconsin DA Gerol and a letter to then Attorney General Designate Judge Merrick Garland requesting intervention.

6) On January 08, 2021, this court conducted a hearing during which Hogan expected this court to obey his ludicrous demands. This court did not comply and roughly one hour later as directed by Hogan, Leventhal was arrested by the Palatine Police without a Miranda warning, without being shown a charging document or advised of the specific causes for his arrest. Leventhal overheard Hogan talking on the telephone with the Palatine Police.

7) During the February 16, 2021, proceeding in this matter, Hogan made deliberate false statements to this court about his role in executing and stage directing Leventhal's arrest. Hogan's actions here were an insult to the dignity and authority of this court and its presiding judge.

8) The motive for Hogan's unlawful action is clear. He slept through the early termination proceedings, failed to deny even one of the damning allegations by Leventhal v. his colleagues and admitted all on behalf of the government. Then Hogan was prodded awake by his colleagues and DA Gerol. Hogan's actions are all designed to frustrate this court's objectives, purposes and authority in this matter. Hogan has acted in fear of losing his job for incompetence.

9) In furtherance of his fraudulent scheme, Hogan dispatched two US Marshals to interrogate a friend of Leventhal's on topics relating only to Leventhal's alleged

Wisconsin behavior. It will be instructive and illuminating to obtain sworn testimony from the two marshals, Hogan himself, and Wisconsin DA Gerol.

10) As to any "global settlement" discussion, it has become obvious to the undersigned that no agreement to which Hogan is a signatory can be relied upon for anything. Until such time as the DOJ assigns a different attorney for the government in this matter, anything that Hogan has to say should be deemed automatically suspect, prejudicial and in violation of the advocate/witness rule.

11) At day's end, Hogan's fraudulent arrest warrant is just like his groundless petition to vacate Leventhal's discharge-a bold-faced attempt to rewrite the judgement of conviction in this matter, usurping this court's rightful authority by surreptitious means, violating double jeopardy principals and the 8th Amendment prohibitions against cruel and unusual punishment, causing irreparable, serious and undue harm to the undersigned.

**EMERGENCY RELIEF SOUGHT**

Leventhal seeks orders of this court on an emergency instanter ex partee basis as follows:

1) An order removing the referenced extradition case from Illinois court to this federal court: Illinois v. Leventhal, Cook County case #21110184201(please ask deputy to verify); and
2) An injunction restraining both the Cook County Sheriff and Ozaukee County Wisconsin authorities from further detaining Leventhal in custody and to discharge Leventhal with his personal property immediately; and
3) An order temporarily re-imposing the conditions of the supervised release in this matter, until any return date set by the court.

**AUTHORIZATION**

I hereby authorize attorney Quinn Michaelis to supply the following to this court ONLY for ex partee in-camera review: 1) a copy of my referenced services contract; 2) a copy of the physician's report from my October 20, 2020 colonoscopy; 3) any proof she may be able to obtain from my mother's present admission to a nursing home.

Respectfully Submitted,

DEFENDANT PRO SE
/s/ Howard Leventhal

HOWARD LEVENTHAL
March 02, 2021