

FILED
5/27/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
JG

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HOWARD LEVENTHAL<br><br>　　　　Defendant | Case No.: 13-cr-844<br><br><br>JUDGE ANDREA R. WOOD |

# DEFENDANT'S MOTION TO SET ASIDE RESTITUTION ORDER AND FOR RECUSAL OF AUSA HOGAN

NOW COMES DEFENDANT Howard E. Leventhal, a non-attorney pro se, hereby respectfully submitting this motion to set aside the restitution order in this matter for outlandish bad faith and outrageously bad acts by the Department of Justice, as well as breach of the Plea Agreement in this matter. In support of this motion, Defendant states as follows:

1. As the court has been made aware, "collateral" effects of sentencing upon Mr. Leventhal have far exceeded the mere time in incarceration prescribed under the wire fraud and identity theft statutes, in terms of actual impact upon the defendant. Mr. Leventhal's relationship with his daughter, his only child, was deliberately and gratuitously destroyed by the EDNY federal prosecutor, for no reason other than to puff up this ethically crippled former AUSA's resume, prior to his departure from government service, to boost his own personal income in private practice. Leventhal has made this same claim in at least a dozen legal pleadings in various state and federal cases, reviewed by dozens of lawyers for numerous parties including the federal government, without a single word of denial. What is worse, the attorney for the government

JUDGE ANDREA R. WOOD - 1

currently assigned to this matter, William Hogan, not only couldn't care less, but has used this fact to promote and/or preserve his own miserably disreputable career as well.

2. AUSA Hogan since December 2020 has expended enormous efforts to extrajudicially expand the punishment of Leventhal even further, without regard to Double Jeopardy and other constitutional principles. First, Hogan submitted his currently pending, ludicrous and groundless petition to vacate this court's discharge order for serve-serving motives having no bearing upon his duties in this case. Then, when this court did not jump to DOJ commands as many courts inexplicably do, Mr. Hogan conspired with a State of Wisconsin district attorney to falsify "felony" charges, falsify interstate extradition documents[1], concoct absurd fantasy stories about some supposed, "propensity to violence," bizarrely "threatening" canvas bags containing electrical tools[2] and incongruous with every prior minute of Leventhal's 64 years on Earth, so as to justify U.S. Marshal Service intervention. Then Hogan conspired to have Leventhal arrested in Illinois, detained in the living nightmare Cook County Jail, kidnapped using false documents across the Illinois/Wisconsin border and then further detained in Wisconsin while Leventhal's

---

[1] Ozaukee County, WI District Attorney Adam Gerol is on record in *State of Wisconsin v. Howard Leventhal*, Case No. 21CF16, Circuit Court of Ozaukee County, WI admitting that the extradition documents were falsified "by mistake." It is known to Leventhal that a great deal of conspiracy, communication and planning took place between AUSA Hogan and Mr Gerol prior to Leventhal's arrest. If Hogan denies this he should be sworn under oath for testimony on the topic.

[2] Hogan made up a story about Leventhal "carrying duffel bags" upon arrest, implying that perhaps during one of Hogan's alcoholic stupors, the bags contained some sort of harmful "weapons." In fact, Leventhal was not carrying these bags, he pointed them out to the arresting officers as the bags lay on Leventhal's patio, in a request to put the bags inside Leventhal's apartment before being kidnapped. Had these daring and courageous public servants requested it, Leventhal would have gladly shown them the electrical tools inside, used by Leventhal regularly in his part time occupation as an electronics installation field technician. The bags were three feet away from the officers and because Leventhal pointed the bags out to them, the officers correctly perceived no threat from the contents. This did not fit Hogan's evolving fantasies though, so he made up a tale about "ominous-looking" bags. This unmitigated jackass Hogan spends too much time watching cop shows on TV.

JUDGE ANDREA R. WOOD - 2

mother is dying. All done to coerce Leventhal into a *nolo contender* plea to a Wisconsin felony charge, so that Mr. Leventhal could be released to see his mother before her death and so that Hogan could, via remote control, reimpose the supervised release terms that this court has wisely taken its time to reconsider. It would seem that Hogan's motive for all of this has had something puzzlingly to do with a private non-party's website, see Hogan's pending supplemental motion. How the United States Attorney came to represent a private party on an issue about goats on somebody's website, is a mystery to this writer.

3. Leventhal's actual time in secure federal custody has been nothing compared to all these "collateral" effects. It is apparent through recent events that recovery of any connection with Leventhal's daughter is completely out of reach for any number of years, if ever. Leventhal's career has been destroyed, his educational pursuits set back by a year and his Judgment of Conviction-noted serious medical condition has been totally neglected as a direct and proximate result of DOJ employee misconduct. Nearly all of Leventhal's circle of friends and relatives have been alienated by false propaganda circulated by "The Government" and Leventhal is stuck living in Wisconsin or elsewhere under supervision terms that Hogan has been unable as of yet to convince this court to re-impose, yet nonetheless have ended up, as Hogan designed it, implemented anyway by a Wisconsin state court.

4. The punishment in this case far, far exceeds the *de facto* impact upon the defendant of mere time in prison and financial penalties – breaching the plea agreement to the extent that Leventhal received nothing valuable from pleading guilty, only the maximum harm possible. The punishment in this case far exceeds the punishment that likely would have been found in a jury trial – the result of which probably would not have extended to the destruction of Leventhal's relationship with his daughter. By surreptitious means the plea agreement's value has been

JUDGE ANDREA R. WOOD - 3

deliberately, intentionally destroyed and instead perverted into having a profoundly negative and obscenely harmful, one-sided effect upon Leventhal, uncontemplated in any way before Leventhal accepted the plea agreement.

5. Nonetheless, the victims are owed restitution and Leventhal continues to recognize his moral duty to serve them in some way. The party(ies) that should be made responsible to pay restitution if the world were a perfect place, would be the two AUSAs, personally. A reasonable second choice might be the U.S. Government itself. It is completely unjust and unreasonable under the circumstances to burden Leventhal with this obligation after all this gratuitous, completely unnecessary, deliberate harm, undertaken just for fun by government employees who must pull the wings off butterflies and twist the heads off kittens, as hobbies.

6. Under *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), contract law controls this issue. Leventhal seeks to raise a bad faith exception for judicial review in this case involving manifest, outlandish breach of the plea agreement; see also *U.S. v. Forney*, 9 F.3d 1492, 1500 n.2 (11th Cir. 1993). The context for the oft-quoted determination of the Court in vacating a sentence (or portion thereof) is that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise <u>must be fulfilled</u>." Id. at 262, 92 S.Ct. at 499; see also *U.S. v. Forney*, 9 F.3d 1492, 1500 n.2 (11th Cir. 1993). As has become clear in Wisconsin, there is no recovery within the power of this court or any other court to restore the one thing of any meaningful value to Mr. Leventhal. The only possible, practicable recovery of any meaning, as a matter of equity, would be to vacate or set aside the restitution order and/or make restitution the obligation of the United States.

JUDGE ANDREA R. WOOD - 4

7. When a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *United States v. Boatner*, 966 F.2d 1575 (11th Cir. 1992); *United States v. Carrazana*, 921 F.2d 1557, 1568 (11th Cir. 1991). Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered the plea. *Boatner*, 966 F.2d at 1577; *United States v. Nelson*, 837 F.2d 1519 (11th Cir. 1988). If the defendant's understanding is disputed by the government, (court) determine(s) the terms of the plea agreement according to objective standards. *Nelson*, 837 F.2d at 1522.

8. In *U.S. v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992), Rewis' guilty plea was clearly induced by the agreement he reached with the government. He was therefore entitled to specific performance of the terms of that agreement as he reasonably understood them at the time of his plea. The outcome centered around what Rewis could have reasonably understood the terms of his plea agreement to mean and whether the government's actions breached the agreement. In *United States v. Jefferies*, 908 F.2d 1520 (11th Cir. 1990), the court set out the proper analysis for interpreting a plea agreement. First, a "hyper-technical reading of the written agreement" and "a rigidly literal approach in the construction of the language," should not be accepted. Second, the written agreement should be viewed "against the background of negotiations" and should not be read to "directly contradic[t] [an] oral understanding." Third, a plea agreement that is ambiguous "must be read against the government." Id. (quoting *In re Arnett*, 804 F.2d 1200, 1203 (11th Cir. 1986)). As stated in *Jefferies*, the method of interpretation should be strictly adhered to because a plea agreement constitutes a waiver of "substantial constitutional rights" and, therefore, a defendant must be adequately informed of the consequences of the waiver. See

JUDGE ANDREA R. WOOD - 5

*Arnett*, 804 F.2d at 1203. The court said in *Rewis*: "If we do not enforce Rewis' reasonable understanding of the plea agreement, he cannot be said to have been aware of the consequences of his guilty plea."

9. It would be a boundless understatement to assert that Leventhal could not possibly have been aware of the consequences of his guilty plea. He expected that he might lose a few friends and have difficulty re-establishing a productive career. The deliberately added effects, which were perfectly understood by attorneys for the government in advance and concealed by them, could not possibly have been anticipated by Leventhal. The agreement was breached as to its facial language as well as intent and spirit. There is no reparation apparent to Leventhal other than to set aside the restitution order, if the court deems fit.

**NOW THEREFORE**, Defendant Howard Leventhal respectfully requests that <u>William Hogan is recused</u> from further representing the Government in this matter and that the remaining amounts due for <u>restitution</u> under the Judgment of Conviction are either <u>set aside</u> entirely or assessed upon the Department of Justice for payment to the necessary parties.

Respectfully submitted,
DEFENDANT PRO SE

_____ Date: May 27, 2021

**Howard Leventhal**
276 S. Military Road
Fond du Lac, WI 54935
Ph 262-997-8570
Email: HLEV3@AOL.COM

JUDGE ANDREA R. WOOD - 6